1  Alfred Shaumyan (SBN 266908)
   Nancy Franco (SBN 294856)
2  **BRYAN CAVE LLP**
   120 Broadway, Suite 300
3  Santa Monica, California  90401-2386
4  Telephone:   (310) 576-2100
   Facsimile:    (310) 576-2200
5  Email:         alfred.shaumyan@bryancave.com
                  nancy.franco@bryancave.com
6
7  Attorneys for Defendants and Cross-Complainants
   Green Dot Corporation and
8  Next Estate Communications, Inc.

9        **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA**

11
12

| 13  ALEXSAM, INC., | Case No. 2:15-cv-05742 |
|---|---|
| 14                  Plaintiff, | (Los Angeles Superior Court Case No. BC 585032) |
| 15       v. | |
| 16  GREEN DOT CORPORATION, NEXT ESTATE COMMUNICATIONS, INC., and DOES 1-10, | **NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. §§ 1331, 1338, 1441, & 1454 (FEDERAL QUESTION, PATENTS)** |
| 17 | |
| 18 | |
| 19                  Defendants. | |
| 20  GREEN DOT CORPORATION, and NEXT ESTATE COMMUNICATIONS, INC., | |
| 21 | |
| 22              Cross-Complainants, | |
| 23       v. | |
| 24  ALEXSAM, INC., | |
|     Cross-Defendant. | |

25
26
27
28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Green Dot Corporation ("Green Dot") and Next Estate Communications, Inc. (collectively, "Removing Defendants") remove the state court action described below from the Superior Court of the State of California for Los Angeles County to the United States District Court for the Central District of California.

I.     **Background**

1.     On June 12, 2015, Plaintiff Alexsam, Inc. ("Alexsam") filed an action in the Superior Court of the State of California, Los Angeles County, bearing the above caption and assigned the above-listed case number ("State Court Action").

2.     Alexsam purported to serve Removing Defendants with the Complaint on June 30, 2015, which is attached hereto as Exhibit A.

3.     The State Court Action is couched so as to be limited to contractual issues related to a Settlement and License Agreement entered between Alexsam and an entity then known as Next Estate Communications, Inc., which through a name change is now known as Green Dot Corporation, one of the named Defendants here. (The other named defendant here, also named Next Estate Communications, Inc., is an entity distinct from that which entered the referenced Agreement).  Unavoidably, however, in its State Court Complaint Alexsam tacitly acknowledges that its claims are tied directly to two patents it is said to own: U.S. Patent No. 6,000,608, entitled "Multifunction Card System" and U.S. Patent No. 6,189,787, entitled "Multifunctional Card System."  It is apparent from a review of the Complaint that resolution of Alexsam's claims in the State Court Action is heavily dependent upon consideration of patent issues such as patent claim coverage, prosecution history estoppel, and patent claim invalidity, such that a federal question is presented on the face of the Complaint.

4.     Moreover, on July 29, 2015, Removing Defendants filed an Answer to Alexsam's Complaint in the State Court Action, along with affirmative defenses which

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1 include that Removing Defendants and the initial Next Estate have not practiced
2 and/or have not infringed any of the claims of the two Alexsam patents; that the
3 patents are invalid (as recently adjudged by the U.S. Court of Appeals for the Federal
4 Circuit, and for other reasons as well); and that Alexsam is estopped from expanding
5 the patent claims beyond permissible bounds, given statements made by the named
6 inventor to the U.S. Patent and Trademark Office during patent prosecution.  (Exhibit
7 B hereto.)  Also on July 29, 2015, Removing Defendants filed a Cross-Complaint
8 seeking declaration judgment of: (a) Non-Practice/Non-Infringement of Patents; (b)
9 Invalidity of Patents; and (c) No Breach of Agreement.  (Exhibit C hereto.)  A review
10 of the Cross-Complaint reveals an abundance of patent law-related issues and
11 allegations.
12     5.    Both the Answer and Cross-Complaint were filed with an explicit
13 reservation of the right to remove the dispute to federal court pursuant to 28 U.S.C. §
14 1454 and other applicable authority.  (Ex. B at 1:1-4; Ex. C at 1:21-25.)

## II. Basis for Removal:  Federal Question Jurisdiction

16     7.    This is a civil action of which this Court has original jurisdiction under 28
17 U.S.C. §§ 1331 and 1338(a), and which may be removed to this Court pursuant to 28
18 U.S.C. §§ 1441(a) and 1454.
19     8.    Federal question jurisdiction is available in actions involving state law
20 claims, where those claims necessarily involve the resolution of underlying disputed
21 questions of federal law. *See generally*, *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*,
22 545 U.S. 308, 315-16 (2005) (affirming federal question jurisdiction over state quiet-
23 title action based on need to resolve predicate issue under federal Internal Revenue
24 Code); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (federal
25 question removal jurisdiction proper where state lawsuit turns upon defendant's
26 compliance with a federal regulation).
27     9.    In the State Court Action, Removing Defendants have asserted claims
28 for relief and affirmative defenses arising under an Act of Congress relating to patents,

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1 and removal to this district and division is authorized by at least 28 U.S.C. § 1454,
2 which, as part of the Leahy-Smith America Invents Act (Pub. L. No. 112-29, §
3 19(c)(1), 125 Stat. 332 (2011)), also known as the "Holmes Group Fix" (H.R. Rep. No.
4 112-98, at 81 (2011)), allows patent law counterclaims to serve as a basis for removal
5 to federal court (effectively nullifying *Holmes Group v. Vernado Circulation Systems, Inc.*,
6 535 U.S. 826, 153 L. Ed. 2d 13, 122 S. Ct. 1893 (2002)).  Further, the contents of the
7 Complaint (Ex. A) reveal that the causes of action asserted by Alexsam therein center
8 on matters heavily implicating, and arising under, the patent laws.

9       10.     This Court also has supplemental jurisdiction over any state law claims
10 that are deemed not to arise under the patent laws.  To the extent any such claims can
11 be considered distinct from the Plaintiff's patent-law related claims, they arise under
12 the same operative facts as such claims, and under the same operative facts as the
13 Answer, affirmative defenses and Cross-Complaint of Removing Defendants.  Thus,
14 any such claims are related and form a part of the same case and controversy pursuant
15 to 28 U.S.C. § 1367(a).

16 **III.    Procedural Compliance**

17       11.     As noted, Alexsam purported to serve Removing Defendants with the
18 Complaint on June 30, 2015.  Assuming for purposes of this notice that service was
19 sufficient, this Notice of Removal is timely filed within thirty days of June 30, 2015.

20       12.     The State Court Action was pending before the Superior Court for Los
21 Angeles County.  Because this Court is the United States District Court for the district
22 and division embracing the place where the original action was filed, it is the
23 appropriate Court for removal under 28 U.S.C. § 1446.

24       13.     Pursuant to 28 U.S.C. § 1446(a), attached are (redacted) copies of all
25 process, pleadings, and orders served upon Removing Defendants; a motion to file
26 unredacted copies under seal will be filed separately.  A copy of this notice has been
27 served on Alexsam and will be filed with the Clerk of the Superior Court for Los
28 Angeles County.

14.     Both of the Removing Defendants consent to seeking removal, as evidenced by participation in this Notice.  The remaining defendants, Does 1 through 10, remain unidentified, and their consent is not required or feasible.

**IV.     Conclusion**

16.     Removing Defendants respectfully request that the above-described State Court Action be removed from the Court in which it was filed to the United States District Court for the Central District of California, and request further that this Honorable Court issue all necessary orders and process and grant such other and further relief in law and justice as to which Removing Defendants may be entitled.

Dated: July 29, 2015                                  Respectfully submitted,

Alfred Shaumyan
Nancy Franco
**BRYAN CAVE LLP**

By: */s/ Alfred Shaumyan*
         Alfred Shaumyan
Attorneys for Removing Defendants and Cross-Complainants
Green Dot Corporation and
Next Estate Communications, Inc.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On July 29, 2015, I served the foregoing document, described as **NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. §§ 1331, 1338, 1441, & 1454 (FEDERAL QUESTION, PATENTS)**, on each interested party in this action, as follows:

Steven W. Ritcheson, Esq.  *Attorneys for Plaintiff and Cross-*
Heninger Garrison Davis, LLC  *Defendant*
9800 D. Topanga Canyon Blvd. #347
Chatsworth, CA 91311
Tel.:   (818) 882-1030
Fax:    (205) 326-3332
swritcheson@hgdlawfirm.com

☒ (VIA U.S. MAIL) I placed the original of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ (BY OVERNIGHT CARRIER): I deposited in a box or other facility maintained by FedEx, Overnite Express or other express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, for overnight delivery, with delivery fees paid or provided for.

☐ (VIA FAX) I caused a true copy of the foregoing document to be served by facsimile transmission from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number set forth above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 29, 2015, at Santa Monica, California.

*/s/ Robert Toombs*
Robert Toombs