UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants

Steven Ritcheson                                   Alfred Shaumyan
                                                            James Clark

**Proceedings:**   PLAINTIFF'S MOTION FOR REMAND AND MOTION TO DISMISS CERTAIN AFFIRMATIVE DEFENSES AND CROSS-CLAIMS (Dkt. 29, filed August 25, 2015)

## I.   INTRODUCTION & BACKGROUND

This dispute arises out of a settlement agreement (the "Agreement") entered into on or around June 3, 2005 between Alexsam, Inc. ("Alexsam") and Next Estate Communications, Inc. ("Next Estate I") regarding certain patents owned by Alexsam. Compl. ¶¶ 25–32. Specifically, the Agreement [*** REDACTED ***]. Id. ¶ 8. As described by Alexsam, the patented technology enables operators of a stored value card system to provide prepaid debit cards or gift cards for sale and to enable card activation transactions to be performed at select retail locations. Id. ¶ 18. In the underlying action, Alexsam sued Next Estate I for infringement of the '608 and '787 patents. Dkt. 19 at 31. By way of the Agreement, the parties agreed to [*** REDACTED ***]. Id. at 29 ¶ 2. The Agreement [*** REDACTED ***]. Id. at 34 ¶ 5. It also required that [*** REDACTED ***]. Id. at 35 ¶ 6.2. The Agreement would [*** REDACTED ***]. Id. at 36 ¶ 8.

On October 26, 2005, Next Estate I changed its name to Green Dot Corporation and then back to Next Estate Communications, Inc. ("Next Estate II"). Dkt. 1-3 ¶¶ 1–2. On June 12, 2015, Alexsam filed a complaint in Los Angeles Superior Court, Case No. BC585032, alleging 1) breach of contract, 2) seeking declaratory judgment, and 3) seeking an accounting of records against both Green Dot and Next Estate II. Dkt. 1-1. On July 29, 2015, defendants filed their answer alleging certain affirmative defenses, dkt. 1-2, their cross-complaint for declaratory judgment, dkt. 1-3, and a notice of removal to federal court, dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                                'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

On August 25, 2015, Alexsam filed, under seal, the instant motion to remand to state court and motion to dismiss certain of defendants' affirmative defenses and cross-claims based on lack of subject matter jurisdiction and for failure to state a claim. Dkt. 29. In filing its motion, Alexsam did not comply with the requirements of Local Rule 7-3.[1] Defendants opposed the motion on September 8, 2015, dkt. 37, and Alexsam filed a reply on September 14, 2015, dkt. 38. Having carefully considered the parties' arguments, the Court finds and concludes as follows.[2]

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The court need not presume the truthfulness of the plaintiff's allegations. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000);

---

[1] The parties are admonished to comply with the local rules of court. Future violations of Local Rule 7-3 may result in sanctions and denial of motions.

[2] Portions of the briefing and record in this matter were filed under seal. This redacted version of the Court's order omits references to information included in a version produced under seal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

In patent suits, Federal Circuit precedent governs the determination of whether the court has subject matter jurisdiction. See Minnesota Mining & Mfg. Co. v. Norton Co., 929 F.2d 670, 672 (Fed. Cir. 1991).

### B. Removal

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

### C. Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                                      'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Id. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), reversed on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

### III. DISCUSSION

#### A. Alexsam's Motion to Remand for Lack of Subject Matter Jurisdiction is Denied

##### 1. Federal Question Jurisdiction Exists

Alexsam contends that its complaint only asserts claims relating to breach of contract, not whether the licensed technology infringes the licensed patent, and therefore does not invoke federal subject matter jurisdiction. Mot. at 10.

Under 28 U.S.C. § 1338(a), district courts can exercise jurisdiction over claims for relief created by federal patent law and claims for relief whose resolution depends on a substantial question of federal patent law. The test is whether a "well-pleaded complaint"

Case 2:15-cv-05742-CAS-PLA   Document 40   Filed 09/28/15   Page 5 of 9   Page ID #:493

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                                  'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

establishes "either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808–09 (1988).

"[T]he mere presence of a patent issue cannot of itself create a cause of action arising under the patent laws." Consol. World Housewares, Inc. v. Finkle, 831 F.2d 261, 265 (Fed. Cir. 1987). However, several courts have found that a breach of contract claim raises a federal question of patent law when its resolution depends on proving whether defendant's products infringe. See, e.g., Jang v. Boston Scientific Corp., 767 F.3d 1334, 1337–38 (Fed. Cir. 2014) (breach of contract claim raised a federal question of patent law that was substantial since the determination of the royalties due under the agreement depended on whether the assignee's product met the claim limitations); U.S. Valves, Inc. v. Dray, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (the exercise of § 1338 jurisdiction by a district court is proper when a plaintiff, in order to succeed on a breach of contract action, is required to prove that certain of defendant's products infringe); Berman v. OpenTV Corp., No. C-09-4065 MMC, 2010 WL 3987448, at *3 (N.D. Cal. Oct. 12, 2010) ("Where a plaintiff asserts that a breach of contract occurs from a defendant's infringement of the plaintiff's patents, the breach of contract claim necessarily depends on resolution of a substantial question of patent law.").

The Federal Circuit's opinion in U.S. Valves, Inc. v. Dray is instructive here. In Dray, licensor and licensee entered into an agreement as to the use of certain valves patented by licensor. 212 F.3d at 1369–70. The agreement had a provision that specified: "All future improvements, modifications or enhancements of the Licensed Product made by the Licensor shall be Licensed and shall, without payment of additional consideration, be made available to the Licensee . . . ." Id. at 1370. The licensee brought a state court action against the licensor for breach of contract based on the licensor's sale of patented and similar valves in violation of the exclusive license provision of their contract. Id. at 1371. The suit was removed to federal court and licensor counterclaimed seeking an accounting and unpaid royalties. Id. The Federal Circuit found that since the court would have to "interpret the patents" to determine if the licensor's products infringed on the patents, "patent law [was] a necessary element of [the licensee's] breach of contract action" and, therefore, federal jurisdiction was proper. Id. at 1372. It also held that the provision that "[a]ll future improvements, modifications or enhancements of the Licensed Product made by the Licensor" was broad language that may encompass the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                           'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

new product, but that determination "require[d] a proper analysis" as to whether or not the new product fell within the terms of the license agreement. Id. at 1375.

Here, the situation is analogous to that in Dray. Similarly to the agreement at issue in Dray, the Agreement contains a provision that **[*** REDACTED ***]**. Dkt. 19 at 34 ¶ 4. In its complaint, Alexsam alleges breach of contract based on defendants' continued sale of pre-paid debit cards. Compl. ¶ 28. In its request for declaratory judgment, Alexsam seeks a judicial declaration that "[defendants] offer[] to sell and/or sells a multifunction card covered by any claim of the Licensed Patents." Id. ¶ 37(d). Just as in Dray, any determination of whether the Agreement was breached will require the Court to interpret the '608 and '787 patents to determine if defendants' products in fact infringe on the patents.[3]

Alexsam's repeated assertions that it did not plead any federal patent law claims in its complaint does not save it from the conclusion that federal jurisdiction exists in this case. See Christianson, 486 U.S. at 809 n.3. ("[M]erely because a claim makes no reference to federal patent law does not necessarily mean the claim does not 'arise under' patent law."). Regardless, defendants contend that 28 U.S.C. § 1454 allows a defendant to remove a case based on the assertion of a patent counterclaim. 28 U.S.C. § 1454(a) ("A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents . . . may be removed to the district court of the United States for the district and division embracing the place where the action is pending."); see Busch v. Jakov Dulcich & Sons LLC, No. 15-CV-00384-LHK, 2015 WL 3792898, at *5 (N.D. Cal. June 17, 2015) ("Section 1454 serves as an exception to the general rule that federal question jurisdiction exists only when the plaintiff's complaint includes a cause of action arising under federal law."). We agree and find that defendants have sufficiently alleged patent counterclaims in their cross-complaint. See Cross-Compl. ¶¶ 22–35.

---

[3] At the hearing, plaintiff argued that a court could determine whether the patents fell under the Agreement by examining the Agreement itself because, among other things, the parties had agreed to a claims construction and because the Agreement described the licensed products. After review of the Agreement and the final court order in the underlying action (which plaintiff provided upon the Court's request), the Court finds that neither provides a means for the Court to determine if the new products are covered under the Agreement without interpreting the patents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | September 28, 2015 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

Because federal question jurisdiction exists, removal to federal court was proper. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) ("If a court concludes that a plaintiff has 'artfully pleaded' claims [that raise federal questions], it may uphold removal even though no federal question appears on the face of the plaintiff's complaint.").

Accordingly, the Court DENIES Alexsam's motion to remand.

> 2. Supplemental Jurisdiction Over the Remaining Breach of Contract Claim is Appropriate

The district court's decision whether to exercise supplemental jurisdiction is informed by whether exercising jurisdiction over the pendent state claims comports with the values of economy, convenience, fairness, and comity. Grove v. De La Cruz, 407 F.Supp.2d 1126, 1131 (C.D. Cal. 2005) (citing Executive Software N. Am. v. U.S.D.C. Cent. Dist., 24 F.3d 1545, 1557 (9th Cir.1994)).

Alexsam's breach of contract claim does not substantially predominate over the claims that this Court has original jurisdiction over. The royalty and accounting claims depend on whether or not the products infringed on the patents, which is a matter to be decided by a federal court. This Court also finds that "economy, convenience, fairness, and comity" would be served by keeping the state law claim in federal court. The action was only pending in state court for one month before it was removed to this Court. The Court is now familiar with the case's facts and procedural background. The Court's exercise of supplemental jurisdiction thus avoids causing a state court to expend time and effort acquiring equal fluency with the case.

Accordingly, the Court finds it appropriate to exercise supplemental jurisdiction over Alexsam's state law claim pursuant to 28 U.S.C. § 1367.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**　　　　　'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

**B.　Alexsam's Motion to Dismiss Certain Cross-Claims and Affirmative Defenses[4] For Lack of Subject Matter Jurisdiction is Denied**

Federal courts have the authority to grant declaratory relief under the Declaratory Judgment Act where plaintiff establishes a case in controversy. 28 U.S.C. § 2201; see also MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

Defendants have sufficiently established that, at the time of filing their cross-complaint and answer, an actual controversy existed between the parties as to both the patent infringement and patent invalidity claims. In their cross-complaint, filed on July 29, 2015, defendants seek a declaration that they have not "practiced any claim of the Patents" and that "the claims of the Patents are invalid." Cross-Compl. ¶¶ 22–35. Defendants' affirmative defenses, which were filed on the same day, are to the same effect. Answer ¶¶ 43–46. It is noteworthy that Alexsam's own complaint seeks a declaration that defendants infringed its patent and that the Agreement is valid and enforceable. Compl. ¶¶ 37(a), 37(d).

While there must be an independent jurisdictional basis to bring an action in federal court under the Declaratory Judgment Act, as noted above, the Agreement arises under the patent laws.

Accordingly, the motion to dismiss certain of defendants' cross-claims and affirmative defenses for lack of subject matter jurisdiction is DENIED.

**C.　Alexsam's Motion to Dismiss Certain Cross-Claims and Affirmative Defenses For Failure to State a Claim is Denied**

Alexsam contends that defendants' patent-related affirmative defenses and cross-claims should also be dismissed for failure to state a claim. Mot. at 13. In support of its argument, Alexsam asserts that the claims have already been litigated and dismissed with prejudice pursuant to the Agreement, and therefore should be barred under the doctrine of

---

[4] The affirmative defenses and cross-claims at issue arise from claims of "Non-Practice/Non-Infringement of the Patents," "Invalidity of the Patents," and "Prosecution History Estoppel."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                     'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

res judicata.  Id.  The Court concludes that this matter is better decided on a motion for summary judgment rather than a motion to dismiss.

Accordingly, the motion to dismiss for failure to state a claim is DENIED.

## IV.     CONCLUSION

The Court DENIES Alexsam's motion to remand the action to state court; DENIES Alexsam's motion to dismiss for lack of subject matter jurisdiction; and DENIES Alexsam's motion to dismiss for failure to state a claim.

IT IS SO ORDERED.

|  |  | 00 | : | 06 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CL |  |