Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: switcheson@insightplc.com

Jacqueline K. Burt (*pro hac vice*)
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339-4192
Telephone: (404) 996-0861
Facsimile: (205) 547-5502
Email: jburt@hgdlawfirm.com

Attorneys for Plaintiff/Cross-Defendant, *Alexsam, Inc.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ALEXSAM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GREEN DOT CORPORATION, NEXT ESTATE COMMUNICATIONS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>―――――――――――――――――<br><br>GREEN DOT CORPORATION and NEXT ESTATE COMMUNICATIONS, INC.<br><br>Cross-Complainants,<br><br>v.<br><br>ALEXSAM, INC.,<br><br>Cross-Defendant. | Case No. 2:15−cv−05742 CAS(PLAx)<br><br>**ALEXSAM, INC.'S *CONFIDENTIAL* MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA***<br><br>**Judge Christina A. Snyder**<br><br>Hearing<br>Date: March 28, 2016<br>Time: 10:00 a.m.<br>Location: Courtroom 5 (Los Angeles - Spring Street)<br><br>Complaint<br>Filed: June 12, 2015<br>(Originally filed in Los Angeles Superior Court Case No. BC585032)<br>Served: June 30, 2015<br>Removed: July 29, 2015 |

# PUBLIC VERSION - CONFIDENTIAL INFORMATION REDACTED

## <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE THAT on <u>March 28, 2016</u> at 10:00 a.m. in the courtroom of the Honorable Christina A. Snyder, located at 312 North Spring Street, Los Angeles, California, or as soon thereafter as counsel may be heard, Plaintiff/Cross-Defendant Alexsam, Inc. (hereinafter, "Alexsam") will and does move for partial summary judgment that Certain Affirmative Defenses And Cross Claims raised by Defendants/Cross-Claimants Green Dot Corporation (hereinafter, "Green Dot") and Next Estate Communications, Inc. (hereinafter, "Next Estate") (collectively, "Defendants") are barred by the doctrine of *res judicata*.  In support, Alexsam provides its Memorandum Of Points And Authorities In Support (below), the attached Declaration and associated exhibits, a proposed Statement of Uncontroverted Facts and Conclusions of Law, and the attached Proposed Order.

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................ i

TABLE OF AUTHORITIES ...................................................................................... iv

I.      STATEMENT OF ISSUES TO BE DECIDED ................................................ 1

II.     STATEMENT OF FACTS ............................................................................. 1

    A.  The Prior Litigation ................................................................. 1

    B.  The Current Dispute For Nonpayment REDACTED Required By The Settlement Agreement ................................................................. 3

    C.  Alexsam's Motion To Dismiss The Patent-Related Claims ........................... 4

III.    CITATION OF AUTHORITY ........................................................................ 5

    A.  Summary Judgment ................................................................. 5

    B.  Contracts ................................................................. 6

    C.  Res Judicata (Claim Preclusion) ................................................................. 6

IV.     JUDGMENT SHOULD BE ENTERED IN FAVOR OF ALEXSAM ON Defendants' AFFIRMATIVE DEFENSEs AND Cross Claims of patent Invalidity BECAUSE DEFENDANTS HAVE ALREADY LITIGATED THEM AND STIPULATED TO DISMISSAL WITH PREJUDICE ................................................................. 8

    A.  Res Judicata Prevents Defendants From Challenging The Validity Of The Licensed Patents. ................................................................. 8

    B.  To Allow Defendants To Unilaterally Revive And Re-litigate Patent Validity Undermines The Commercial Certainty Created By The License. ... 10

V.      CONCLUSION ................................................................. 12

# TABLE OF AUTHORITIES

## C<small>ASES</small>

*Abromson v. Am. Pac. Corp.*, 114 F.3d 898 (9th Cir. 1997)....................................................5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...........................................................5

*Bala v. Bank of America, N.A.*, Case No. CV 15–3305–MWF(JEMx), 2015 WL 4886043 (C.D. Cal. Aug. 14, 2015)...............................................................................................................8, 9

*Bank of Am. Nat'l Trust & Sav. Ass'n v. United States*, 23 F.3d 380 (Fed. Cir. 1994) ....................6

*Baseload Energy, Inc. v. Roberts*, 619 F.3d 1357 (Fed. Cir. 2010) .................................................12

*Bianchi v. Perry*, 140 F.3d 1294 (9th Cir. 1998) .........................................................................6

*Brown v. Felsen*, 442 U.S. 127 (1979)........................................................................................7

*Carmen v. San Francisco Sch. Dist.*, 237 F.3d 1026 (9th Cir. 2001) .................................................6

*Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204 (9th Cir. 2009)....................................6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...........................................................................5

*Costantini v. Trans World Airlines*, 681 F.2d 1199 (9th Cir. 1982) .................................................7

*Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362 (Fed. Cir. 2001) ..........................................................12

*In re Dominelli*, 820 F.2d 313 (9th Cir. 1987) ...............................................................................7

*Kaspar Wire Works, Inc. v. Leco Eng'g & Mach. Inc.*, 575 F.2d 530 (5th Cir. 1978) .....................7

*Keenan v. Allan*, 91 F.3d 1275 (9th Cir.1996) ...........................................................................5

*Lotes Co., Ltd. v. Hon Hai Precision Industry Co., Ltd.*, Case No. C 11–01036 JSW, 2012 WL 2917450 (N.D. Cal. July 17, 2012)...................................................................................12

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990) ...................................................................5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)........................................5

*Montana v. United States*, 440 U.S. 147 (1979) ...........................................................................8

*ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960 (9th Cir. 2010) ................................7

*Robi v. Five Platters, Inc.*, 838 F.2d 318 (9th Cir. 1988) ...........................................................7

*Sirisup v. It's Thai, LLC*, Case No. 13-cv-07246, 2015 WL 6181688 (C.D. Cal. Oct. 21, 2015).....6

*Stewart v. U.S. Bancorp*, 297 F.3d 953 (9th Cir. 2002) ...............................................................7

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987) .....................5

**ALEXSAM, INC.'S *CONFIDENTIAL* MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA***

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064 (9th Cir. 2003) 8

*Turtle Island Restoration Network v. United States Dep't of State*, 673 F.3d 914 (9th Cir. 2012)7, 8

*Tyson v. Wells Fargo Bank*, Case No. CV 12–5757–CAS (MANx), 2012 WL 4107877 (C.D. Cal. Sep. 18, 2012) ...................................................................................................................7, 9

*United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853 (9th Cir. 1992)...................6

*United States ex rel. Hall v. Teledyne Wah Chang Albany*, 104 F.3d 230 (9th Cir. 1997)...............6

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139 (9th Cir. 2011) .......7, 8

*Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.*, 121 F.3d 1332 (9th Cir. 1997) ..............................5

STATUTES

Cal. Civ. Code § 1636 ........................................................................................................................6

Cal. Civ. Code § 1638 ........................................................................................................................6

RULES

Fed. R. Civ. Proc. 56 ..........................................................................................................................5

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ALEXSAM, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA***

Plaintiff and Cross-claim Defendant Alexsam, Inc. (hereinafter, "Alexsam") moves for partial summary judgment that the affirmative defense and cross claim of patent invalidity raised by Defendants/Cross-Claimants Green Dot Corporation (hereinafter, "Green Dot") and Next Estate Communications, Inc. (hereinafter, "Next Estate") (collectively, "Defendants") are barred by the doctrine of *res judicata*. As is explained below, the issue of patent invalidity was previously litigated and the claim was both dismissed with prejudice and was included within Defendants' release. Thus, as a matter of well-settled law and sound public policy, Alexsam asks this Court to enforce the clear and unequivocal terms of its agreement with Defendants and find that any claims of invalidity in this matter must be dismissed.

**I.   STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Defendants' Affirmative Defense and Cross Claim for Invalidity should be dismissed pursuant to the doctrine of *res judicata*.

**II.   STATEMENT OF FACTS**

**A.   THE PRIOR LITIGATION**

Alexsam owns two patents that arose from product designs invented by Mr. Robert Dorf: United States Patent No. 6,000,608 entitled "*Multifunction Card System*" ("the '608 Patent") and United States Patent No. 6,189,787 entitled "*Multifunctional Card System*" ("the '787 Patent") (collectively, the "Licensed Patents") (see Dkt. No. 1-3, Exhibits 1 and 2). The inventions disclosed and claimed in the Licensed Patents were conceived by Mr. Dorf during his work with prepaid cards. Mr. Dorf developed a prepaid card that can be activated and "reloaded" at a point of sale device at a retail location using a processing hub. Mr. Dorf sold his product until competitors saw the benefits of his inventions and began using them without permission. Eventually, this widespread infringement drove him out of the industry and forced Mr. Dorf to enforce his patent rights against infringers, including defendant Next Estate.

In 2003, Alexsam sued Next Estate in the United States District Court for the Eastern District of Texas ("District Court") in a civil action entitled *Alexsam, Inc. v. Datastream Card Services Ltd.*, Civil Action No. 2:03-cv-00337 (hereinafter, the "Prior Litigation") for infringement of the Licensed Patents.  See Exhibits A, B and C. Next Estate responded by, *inter alia*, asserting an affirmative defense of patent invalidity. See Exhibit D (Second Affirmative Defense). The District Court entered a Scheduling Order (see Exhibit E) and the dispute was litigated vigorously (see generally Ex. A).  In particular, Next Estate served Preliminary Invalidity Contentions (see Exhibit F), Alexsam served Preliminary Claim Constructions (see Exhibit G), and the Parties filed Claim Construction Briefs (see Ex, A, Dkt. Nos. 159, 161, 167.).  A Claim Construction hearing was conducted by the District Court on April 28, 2005.  See Ex. A, Dkt. Nos. 184, 194.  Importantly, during the course of the Litigation, the District Court construed the terms of the Licensed Patents.

While awaiting the District Court's Claim Construction ruling, Alexsam and Next Estate settled the Litigation by executing a "Settlement And License Agreement" (hereinafter, the "Settlement Agreement") on June 3, 2005. See Exhibit H.[1] The Settlement Agreement includes a number of significant provisions relevant to the instant motion.  First, REDACTED

REDACTED

(Id, ¶ 5.) Second, REDACTED

REDACTED

.  (Id, ¶ 3.2.)

Third, REDACTED

. (Id, ¶ 11).  Fourth, REDACTED

. (Id, ¶ 6.)  Finally, REDACTED

REDACTED

(Id., ¶ 4.)

---

[1] The Settlement Agreement is considered to be confidential and has been previously filed with the Court under seal.

**ALEXSAM, INC.'S *CONFIDENTIAL* MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA***

As a consequence of the Settlement Agreement, Alexsam filed a stipulated motion of the parties to dismiss Next Estate from the Prior Litigation.  <u>See</u> Exhibit I.  Specifically, the Stipulation requested that the Alexsam's claims and all claims that Next Estate raised or could have raised be dismissed with prejudice.  <u>See</u> <u>Id</u>. ¶ 2.  The District Court granted the Stipulation as proposed.  <u>See</u> Exhibit J. Subsequently, Next Estate changed its name to form the company identified herein as Green Dot.  Dkt. No. 1-1, ¶ 6; Dkt. No. 1-2, ¶ 6; Dkt. No. 1-3, ¶ 1.

**B. <u>The Current Dispute For Nonpayment REDACTED Required By The Settlement Agreement</u>**

During a routine review of its licenses, Alexsam determined that Defendants had modified their products and services REDACTED. Nevertheless, to date, REDACTED . Moreover, REDACTED .

Consequently, on June 12, 2015, Alexsam filed a complaint in Los Angeles Superior Court (Case No. BC585032) seeking to enforce the Settlement Agreement.  <u>See</u> Dkt. No. 1-1. Alexsam's Complaint asserted state law causes of action against Defendants for: 1) Breach of Contract; 2) Declaratory Judgment (to determine Defendants' obligation and duties under the Settlement Agreement and under California law); and 3) Accounting.  Alexsam did not terminate the Settlement Agreement and thus no claims of patent infringement were or could have been made.

Defendants were both served with the Complaint on or about June 30, 2015.  <u>See</u> Dkt. No. 1, ¶ 2. On July 29, 2015, Defendants jointly filed an Answer to Alexsam's Complaint in Los Angeles Superior Court.  <u>See</u> Dkt. No. 1-2.  Defendants' Affirmative Defenses included allegations that the Licensed Patents were invalid and unenforceable due to prosecution history estoppel (Second and Third Affirmative Defenses, respectively). <u>See</u> Dkt. No. 1-2.  Also on July 29, 2015, Defendants jointly filed a Cross-Complaint in Los Angeles Superior Court in which they

sought Declaratory Judgments of, *inter alia*, alleged invalidity of the Licensed Patents.  Also on July 29, 2015, Defendants filed their "Notice of Removal Of State Court Action Under 28 U.S.C. §§ 1331, 1338, 1441, & 1454 (Federal Question, Patents)."  <u>See</u> Dkt. No. 1.  Defendants specifically asserted Federal Question Jurisdiction as the basis for the patent-related claims under 28 U.S.C. §§ 1331 and 1338(a), which they asserted also allowed their claims to be removed to Federal Court under 28 U.S.C. §§ 1441(a) and 1454.  *Id*. at ¶¶ 7-9.  Defendants failed to explain how such affirmative defenses and counterclaims are permitted in light of consideration given in exchange for a license agreement.

**C. <u>ALEXSAM'S MOTION TO DISMISS THE PATENT-RELATED CLAIMS</u>**

It is not disputed that Alexsam and Defendants chose willingly to enter into a contract that settled a previous patent infringement lawsuit and granted Defendants a license to Alexsam's patents.  (Ex. H, p.1.)  It is not disputed that the contract is valid, enforceable, and remains in effect to this day.  (Dkt. No. 1-2, ¶ 26.)  It is not disputed that the contract includes REDACTED

(Ex. H, ¶ 3.2.) It is not disputed that Next Estate had asserted an affirmative defense of patent invalidity and that it dismissed all counterclaims that could have been brought with prejudice. (Ex. I, ¶ 2.)  The only dispute is whether Defendants can undermine the commercial certainty provided by the contract and unilaterally revive and reassert a defense and counterclaim of patent invalidity when the parties clearly had the intention of resolving those issues in settlement of the former patent litigation matter.

As such, Alexsam moved to dismiss Defendants' patent-related claims based on the prior dismissal and release of these claims by Defendants with prejudice. (Dkt. No. 29.)  Alexsam's motion was denied on October 1, 2015.  (Dkt. No. 40.)  However, in denying Alexsam's motion, this Court "conclude[d] that this matter is better decided on a motion for summary judgment rather than a motion to dismiss." (Dkt. No. 40 at p. 9.)  This motion for summary judgment follows.

### III.   CITATION OF AUTHORITY

#### A.  SUMMARY JUDGMENT

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. Proc. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); see also *Celotex*, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; see also *Abromson v. Am. Pac. Corp*., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (citation omitted); *Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co*., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See *Matsushita*, 475 U.S. at 587.

It is not the court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir.1996). Counsel has an obligation to lay out their

support clearly. *Carmen v. San Francisco Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

Summary judgment is appropriate where parties previously included a general release of all claims.  See, e.g., *Sirisup v. It's Thai, LLC*, Case No. 13-cv-07246, 2015 WL 6181688, *4 (C.D. Cal. Oct. 21, 2015), citing *United States ex rel. Hall v. Teledyne Wah Chang Albany*, 104 F.3d 230 (9th Cir. 1997).

### B. CONTRACTS

Federal courts apply "local law"[2] when faced with questions of enforcing and interpreting settlement agreements, even where "the underlying cause of action is federal." See *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). "A settlement agreement is treated as any other contract for purposes of interpretation." Id. Under California law, a contract's plain language governs its interpretation. Cal. Civ. Code § 1638. In construing the language, "the intent of the parties determines the meaning of the contract." See *United Commercial Ins. Serv., Inc.*, 962 F.2d at 856 (citing Cal. Civ. Code §§ 1636, 1638).

Notwithstanding these general principles, settlement agreements are recognized as having special value.  As the Ninth Circuit has held: "[T]here is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into." *Bianchi v. Perry*, 140 F.3d 1294, 1297 (9th Cir. 1998) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. United States*, 23 F.3d 380, 383 (Fed. Cir. 1994)).

### C. RES JUDICATA (CLAIM PRECLUSION)

*Res judicata*, or claim preclusion, "bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009); *Tyson v. Wells Fargo Bank*, Case No. CV 12–5757–CAS (MANx),

---

[2] For the purposes of this motion, Alexsam uses the law of Alexsam's state of residence, California and the Ninth Circuit to analyze the issues in dispute.

**ALEXSAM, INC.'S *CONFIDENTIAL* MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA***

2012 WL 4107877, *3 (C.D. Cal. Sep. 18, 2012). "*Res judicata* applies when there is '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'" *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 965 (9th Cir. 2010) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)); see also *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

In deciding the issue of *res judicata*, courts look to four factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Turtle Island Restoration Network v. United States Dep't of State*, 673 F.3d 914, 917–918 (9th Cir. 2012) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–1202 (9th Cir. 1982)). "The last of these criteria is the most important." Id. at 918 (quoting *Costantini*, 681 F.2d at 1202)). "Whether two suits arise of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *ProShipLine*, 609 F.3d at 968.

Importantly, dismissal with prejudice pursuant to the parties entering into a settlement agreement or via joint stipulation of the parties constitutes a "final judgment on the merits." See, e.g., *In re Dominelli*, 820 F.2d 313, 316 (9th Cir. 1987) (holding that "a settlement of the claim and the district court's approval of the settlement and dismissal of the action, amounts to a final judgment on the merits."). "Claim preclusion 'treats a judgment, once rendered, as the full measure of relief to be accorded between the parties on the same claim or cause of action.'" *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988) (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach. Inc*., 575 F.2d 530, 535 (5th Cir. 1978)) (internal quotation marks omitted). It "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Id. at 322 (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

**IV.   JUDGMENT SHOULD BE ENTERED IN FAVOR OF ALEXSAM ON DEFENDANTS' AFFIRMATIVE DEFENSES AND CROSS CLAIMS OF PATENT INVALIDITY BECAUSE DEFENDANTS HAVE ALREADY LITIGATED THEM AND STIPULATED TO DISMISSAL WITH PREJUDICE**

Defendants Second Affirmative Defense (Dkt. No. 1-2) and Second Cross Claim (Dkt. No. 1-3) seek to re-litigate that which has already been decided by the Court to conclude the prior litigation between Alexsam and Next Estate.  By raising questions as to the validity of the Licensed Patents, Defendants ask this Court re-visit an issue the Parties have previously litigated in full.  This flies in the face of the benefits of the commercial certainty Defendants enjoyed in being free from being sued for infringement, and undermines the benefits that Alexsam reasonably expected of a business partner.  It also defeats the purposes underlying the doctrine of *res judicata*, namely "to protect litigants from multiple lawsuits, to conserve judicial resources, and to encourage certainty and reliance upon judicial decisions."  *Bala v. Bank of America, N.A.*, Case No. CV 15–3305–MWF(JEMx), 2015 WL 4886043, *5 (C.D. Cal. Aug. 14, 2015) (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003); *Montana v. United States*, 440 U.S. 147, 153-154 (1979)).  Defendants' challenges to the validity of the Licensed Patents should be dismissed.

**A.   *RES JUDICATA* PREVENTS DEFENDANTS FROM CHALLENGING THE VALIDITY OF THE LICENSED PATENTS.**

**1.   *Res Judicata* Elements 2, 3 and 4 Are Easily Met.**

The fourth element of *res judicata,* which addresses whether two suits arose out of the "same transactional nucleus of facts" has been described as "the most important" of the factors. *Turtle Island Restoration Network*, 673 F.3d 918.  "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." Id.  In most cases, this inquiry is "essentially the same as whether the claim could have been brought in the first action."   Id., citing and quoting *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151.

In this case, there is no question that the ***identical*** facts are at issue.  The Licensed Patents were, prior to the Settlement Agreement, the subject of Alexsam's prior patent infringement suit

against Next Estate.  In response, Next Estate raised the allegation of patent invalidity (among its various defenses).  (Ex. D.)  Now, Defendants have once again raised allegations of invalidity of the Licensed Patents as both an Affirmative Defense (see Dkt. No. 1-2, Second Affirmative Defense) and as a Cross Claim (see Dkt. No. 1-3, Second Cross Claim).  With the same patents and the same allegations of patent invalidity at issue in both suits, *res judicata* element 4 is met.

Elements 2 and 3 also are met for the same reasons.  The same patents are at issue. Whatever evidence Next Estate would have relied on in the prior litigation in an attempt to invalidate the Licensed Patents is the same evidence Defendants will rely on should its invalidity claims be allowed to continue in this case.  Even if Next Estate chose not to assert ***precisely*** the same theories of invalidity in the prior litigation, that does not mean Defendants did not have the opportunity to raise all mandatory claims in response to Alexsam's infringement allegations.  The choice not bring a mandatory claim bars their being raised in a subsequent matter.  *Bala,* 2015 WL 4886043 at *6.  As for the third *res judicata* element, Alexsam's right to assert its property rights in the Licensed Patents remains the same, and Defendants' invalidity claim is re-raised.  For purposes of evaluating the second and third *res judicata* elements, it is the same facts and the same rights that exist in the present case and such matters were also at issue in the prior litigation.  See *Tyson*, 2012 WL 4107877 at *3.

## 2. Allowing Defendants to Re-Litigate Invalidity Strips Alexsam of Its Rights and Benefits Under The Settlement Agreement.

The first element of *res judicata*, whether rights established in the prior litigation would be destroyed, is clearly met as well.  Alexsam exchanged its right to sue Defendants for infringement and seek an injunction when it entered into the Settlement Agreement.  Part of the consideration was that Defendants relinquished their right to assert invalidity.  It is, however, logical that Next Estate wished to include REDACTED

. (Ex. H, ¶ 8.)  In fact, Next Estate explicitly

**ALEXSAM, INC.'S *CONFIDENTIAL* MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA***

REDACTED

REDACTED.

**B.  TO ALLOW DEFENDANTS TO UNILATERALLY REVIVE AND RE-LITIGATE PATENT VALIDITY UNDERMINES THE COMMERCIAL CERTAINTY CREATED BY THE LICENSE.**

Generally speaking, the main purpose of any settlement agreement is to allow parties to resolve a dispute with certainty and finality.  In other words, the parties by entering a settlement agreement have agreed to the relief and outcome that were negotiated by the parties and memorialized as the terms of the agreement.

Here, the Settlement Agreement was entered to completely – and finally – resolve all claims between the parties.  Section 11 of the Settlement Agreement provides, in pertinent part:

REDACTED

REDACTED. (emphasis added). (Ex. H, ¶ 11) (emphasis added.)  REDACTED

REDACTED

REDACTED

REDACTED (Id., ¶3.2) (emphasis added.)  In fact, here, the parties REDACTED

REDACTED

REDACTED The only logical purpose for REDACTED

REDACTED

REDACTED Specifically, the Settlement Agreement explicitly states REDACTED

REDACTED

REDACTED Section 4 of the Settlement Agreement provides:

4.  REDACTED

**ALEXSAM, INC.'S *CONFIDENTIAL* MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA***

REDACTED

(Ex. H, ¶ 4.)   The parties also REDACTED

(Id. ¶ 6.2.)   Therefore, REDACTED

After the Settlement Agreement was executed, a Stipulation and Order of Dismissal with Prejudice ("Dismissal") was entered. In the Dismissal, the Court:

> ordered, adjudged and decreed …. 2. ***Each claim made by Alexsam against Next Estate, and each counterclaim made or that could have been made by Next Estate against Alexsam, in this action is hereby dismissed with prejudice*** on the basis of the settlement reached….

(Ex. I; (emphasis added).

Defendants' affirmative defenses and counterclaim challenging the validity of the Licensed Patents must be dismissed for two additional reasons.  First, REDACTED

Second, REDACTED

While it is now appears to be advantageous for Defendants to attack the validity of the Licensed Patents to take advantage of the work of others, Defendants benefited both as to knowing the value of the license as well as being free from the uncertainty of a patent infringement suit.  Conversely, Alexsam now faces having to re-litigate a claim it thought was decided without having received the benefits it negotiated. Defendants seek to have their cake and to it eat it too; Alexsam is left with only a fork.

The Federal Circuit has determined that when an accused infringer has the opportunity to conduct discovery with respect to validity of patents asserted against them and then chooses to

**ALEXSAM, INC.'S *CONFIDENTIAL* MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA***

1   voluntarily dismiss their invalidity claims with prejudice as part of a settlement, they are estopped

2   from subsequently raising invalidity in the future under the principle of *res judicata*. *Flex-Foot,*

3   *Inc. v. CRP, Inc.,* 238 F.3d 1362, 1370 (Fed. Cir. 2001). Clear and unambiguous language is

4   necessary to make clear that an accused infringer has relinquished its opportunity to challenge

5   validity in the future. *Baseload Energy, Inc. v. Roberts*, 619 F.3d 1357, 1363 (Fed. Cir. 2010).

6   Here, Next Estate had ample opportunity to litigate its positions on validity before entering into the

7   License Settlement Agreement and dismissing their claims with prejudice. As such, Defendants

8   are estopped from challenging invalidity of the licensed patents. <u>See</u> *Lotes Co., Ltd. v. Hon Hai*

9   *Precision Industry Co., Ltd.*, Case No. C 11–01036 JSW, 2012 WL 2917450, *2-*3 (N.D. Cal.

10  July 17, 2012).

11      Defendants contend that Alexsam has not proven that Defendants litigated and released

12  their invalidity claims. To the contrary, REDACTED

13

14

15                          (See Dkt. No. 1-1, Exhibit A; Dkt. No. 1-3, Exhibit 3, ¶ 2.) Nowhere

16  has Green Dot asserted that it is not a successor to Next Estate, so the Defendants are bound by the

17  deal that Next Estate struck when it entered into the Settlement Agreement.

18      Judgment should be entered in favor of Alexsam on Defendants' Second Affirmative

19  Defense and Second Cross Claim because they have already been litigated and dismissed with

20  prejudice, REDACTED             . Defendants have had their opportunity to

21  challenge the validity of the Licensed Patents and to argue that their products do not infringe, and

22  then agreed to dismiss their claims with prejudice.

23  **V.    CONCLUSION**

24      With the same patents, the same parties, and the same invalidity claim at issue in both the

25  prior litigation and this matter, the elements of *res judicata* apply here. Defendants have had their

26  turn at trying to invalidate the claims of the Licensed Patents and chose to relinquish it as a

27  condition of entering into a business arrangement with Alexsam. This decision was ratified by the

28

explicit terms of the Settlement Agreement that resulted and the terms of the Order dismissing the prior litigation.  To allow Defendants' affirmative defense and cross claim based on invalidity to survive here would undermine the purposes underlying the doctrine of *res judicata*, would reward Defendants' tactical decision to enter an agreement to delay litigating the dispute until conditions were more favorable, and could result in additional claims for breach of the Settlement Agreement. The settlement of the prior litigation was intended to finally resolve certain disputes once and for all.  Defendants should not be allowed re-raise issues they have already raised and/or abandoned.

For the foregoing reasons, Alexsam moves for an Order dismissing Defendants' Second Affirmative Defense and Second Cross Claim on the grounds of *res judicata*.

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | Dated: <u>February 1, 2016</u> |
| 3 | <u>/s/ Jacqueline K. Burt</u><br>Steven W. Ritcheson |
| 4 | Email: swritcheson@insightplc.com<br>**INSIGHT, PLC** |
| 5 | 9800 D Topanga Canyon Blvd. #347<br>Chatsworth, California 91311 |
| 6 | Telephone: (818) 882-1030<br>Facsimile: (818) 337-0383 |
| 7 | Jacqueline K. Burt (*pro hac vice*) |
| 8 | Email: jburt@hgdlawfirm.com<br>**HENINGER GARRISON DAVIS, LLC** |
| 9 | 3621 Vinings Slope, Suite 4320<br>Atlanta, Georgia 30339-4192 |
| 10 | Telephone: (404) 996-0861<br>Facsimile: (205) 547-5502 |
| 11 | Attorneys For Plaintiff/Cross Defendant |
| 12 | *Alexsam, Inc.* |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**ALEXSAM, INC.'S *CONFIDENTIAL* MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA***

**CERTIFICATE OF CONFERENCE**

Because this Court entered (and subsequently modified) an Order setting a briefing schedule for this issue, no Conference of the Parties was necessary.

Dated: <u>February 1, 2016</u>

*/s/ Jacqueline K. Burt*

Jacqueline K. Burt

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this day electronically filed the foregoing using this Court's CM/ECF system which caused the document to be served by electronic mail on counsel for Defendants deemed to have consented to electronic service.

Dated: <u>February 1, 2016</u>

*/s/ Jacqueline K. Burt*

Jacqueline K. Burt