Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: switcheson@insightplc.com

Jacqueline K. Burt (*pro hac vice*)
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339-4192
Telephone: (404) 996-0861
Facsimile: (205) 547-5502
Email: jburt@hgdlawfirm.com

Attorneys for Plaintiff/Cross-Defendant, *Alexsam, Inc.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ALEXSAM, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GREEN DOT CORPORATION, NEXT ESTATE COMMUNICATIONS, INC., and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants.<br><br>GREEN DOT CORPORATION and NEXT ESTATE COMMUNICATIONS, INC.<br><br>　　　　　Cross-Complainants,<br><br>　v.<br><br>ALEXSAM, INC.,<br><br>　　　　　Cross-Defendant. | Case No. 2:15−cv−05742 CAS(PLAx)<br><br>**ALEXSAM, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA***<br><br>**Judge Christina A. Snyder**<br><br>Hearing<br>Date: March 28, 2016<br>Time: 10:00 a.m.<br>Location: Courtroom 5 (Los Angeles - Spring Street)<br><br>Complaint<br>Filed: June 12, 2015<br>(Originally filed in Los Angeles Superior Court Case No. BC585032)<br>Served: June 30, 2015<br>Removed: July 29, 2015 |

**PUBLIC VERSION - CONFIDENTIAL INFORMATION REDACTED**

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ALEXSAM, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF RES JUDICATA**

Plaintiff and Cross-claim Defendant Alexsam, Inc. (hereinafter, "Alexsam") has moved for partial summary judgment that Certain Affirmative Defenses And Cross Claims raised by Defendants/Cross-Claimants Green Dot Corporation (hereinafter, "Green Dot") and Next Estate Communications, Inc. (hereinafter, "Next Estate") (collectively, "Defendants") are barred by the doctrine of *res judicata*. In support, Alexsam provides its "Statement Of Uncontroverted Facts And Conclusions Of Law" as required by Local Rule 56-1.

### Uncontroverted Facts

1. Alexsam filed a patent infringement action in the Eastern District of Texas on September 26, 2003 (Case No. 2:03-cv-00337; hereinafter, the "Prior Litigation"). The suit alleged infringement of United States Patent No. 6,000,608 entitled "*Multifunction Card System*" ("the '608 Patent") and United States Patent No. 6,189,787 entitled "*Multifunctional Card System*" ("the '787 Patent") (collectively, the "Licensed Patents"). Neither Defendant was named as a defendant.

2. Alexsam filed its First Amended Complaint in the Prior Litigation on October 27, 2003 (Prior Litigation Dkt. No. 4). Neither Defendant was named as a defendant.

3. Alexsam filed its Second Amended Complaint in the Prior Litigation on November 25, 2003 (Prior Litigation Dkt. No. 5). Among the named defendants accused of was an entity named "Next Estate Communications, Inc."

4. Alexsam filed its Third Amended Complaint in the Prior Litigation on January 12, 2004 (Prior Litigation Dkt. No. 14). Among the named defendants was an entity named "Next Estate Communications, Inc."

5. The entity named "Next Estate Communications, Inc." filed its Answer to Alexsam's Third Amended Complaint (Prior Litigation Dkt. No. 23) on February 11, 2004, which included as its Second Affirmative Defense that the Licensed Patents were invalid.

6. Alexsam filed its Fourth Amended Complaint in the Prior Litigation on June 1, 2004 (Prior Litigation Dkt. No. 41). Among the named defendants was an entity named "Next Estate Communications, Inc."

7. The entity named "Next Estate Communications, Inc." filed its Answer to Alexsam's Fourth Amended Complaint (Prior Litigation Dkt. No. 43) on June 21, 2004, which included as its Second Affirmative Defense that the Licensed Patents were invalid.

8. Alexsam filed its Fifth Amended Complaint in the Prior Litigation on August 30, 2004 (Prior Litigation Dkt. No. 51). Among the named defendants was an entity named "Next Estate Communications, Inc."

9. The entity named "Next Estate Communications, Inc." filed its Answer to Alexsam's Fifth Amended Complaint (Prior Litigation Dkt. No. 64) on September 28, 2004, which included as its Second Affirmative Defense that the Licensed Patents were invalid.

10. The Court in the Prior Litigation entered a "Docket Control Order" on October 6, 2004 to set the case management schedule for the case (Prior Litigation Dkt. No. 70).

11. The entity named "Next Estate Communications, Inc." filed a Notice with the Court of its service of Preliminary Invalidity Contentions in compliance with Local Patent Rule 3-3 on November 29, 2004 (Prior Litigation Dkt. No. 130).

12. Alexsam filed a Notice with the Court that it had disclosed its Preliminary Claim Constructions and associated extrinsic evidence to the Defendants in compliance with the Court's Docket Control Order and Local Patent Rule 4-2 on December 22, 2004 (Prior Litigation Dkt. No. 136).

13. Alexsam filed its Opening Claim Construction Brief on March 7, 2005 (Prior Litigation Dkt. No. 159).

14. Defendants filed a Joint Claim Construction Brief on March 21, 2005 (Prior Litigation Dkt. No. 161).

15. Alexsam filed its Reply Claim Construction Brief on April 4, 2005 (Prior Litigation Dkt. No. 167).

1  16. The Court conducted a claim construction hearing on April 28, 2005 (Prior Litigation Dkt.
2  Nos. 184, 194).

3  17. On June 3, 2005, Alexsam and the entity named "Next Estate Communications, Inc."
4  entered into a "Settlement And License Agreement" which granted Next Estate Communications,
5  Inc. a license to the Licensed Patents (hereinafter, the "Agreement").

6  18. The fourth WHEREAS clause of the Agreement states that: "REDACTED
7  ."

8  19. Paragraph 3.2 of the Agreement states that: "REDACTED
9  
10  
11  ."

12  20. Paragraph 11 of the Agreement states in part that: "REDACTED
13  
14  
15  ."

16  21. On June 7, 2005, Alexsam filed a stipulation to dismiss Next Estate Communications, Inc.
17  with prejudice because the two parties had "reached final agreement on settlement of the claims
18  made in this action and all other claims or counterclaims that might have been brought relating to
19  U.S. Patent Nos. 6,000,608 and 6,189,787 . . . ." (Prior Litigation Dkt. No. 198).

20  22. The Court in the Prior Litigation entered the stipulation to dismiss Next Estate
21  Communications, Inc. with prejudice on June 14, 2005 (Prior Litigation Dkt. No. 204).

22  23. Paragraph 2 of the June 14, 2005 dismissal states: "Each claim made by Alexsam against
23  Next Estate, and each counterclaim made or that could have been made by Next Estate against
24  Alexsam, in this action is hereby dismissed with prejudice on the basis of the settlement reached,
25  pursuant to Fed. R. Civ. P. 41."

26  24. The entity named "Next Estate Communications, Inc." that was identified in Alexsam's
27  Second, Third, Fourth and Fifth Amended Complaints changed its name to "Green Dot
28

Corporation" on or about October 26, 2005 (Dkt. No. 1-1, ¶ 6; Dkt. No. 1-2, ¶ 6; Dkt. No. 1-3, ¶ 1).

25. On June 12, 2005, Alexsam filed suit against the Defendants in Los Angeles County Superior Court (California; Case No. BC585032) in which Alexsam alleged that the Defendants had breached terms of the Agreement (Dkt. No. 1-1).

26. On July 29, 2015, Defendants filed its Answer to Alexsam's breach of contract suit in which the Second Affirmative Defense Alleged that the Licensed Patents are invalid (Dkt. No. 1-2).

27. Also on July 29, 2015, Defendants filed its Cross-Complaint in which the Second Cause of Action claimed that the Licensed Patents are invalid (Dkt. No. 1-3).

28. Also on July 29, 2015, Defendants removed the case to this Court (Dkt. No. 1).

## Conclusions Of Law

A. Alexsam asserted claims of patent infringement of the Licensed Patents against the Defendants in prior litigation brought in the Eastern District of Texas.

B. As a result of Alexsam's patent infringement claims, Defendants were required to assert any and all defenses to said claims.

C. Defendants asserted invalidity of the Licensed Patents as an Affirmative Defense.

D. Defendants had ample opportunity to develop their invalidity defenses through the preparation of Preliminary Invalidity Contentions and participation in claim construction.

E. Alexsam and Defendants agreed to settle all claims raised by, or that could have been raised by, either party by entering into the Agreement.

F. All claims raised by, or that could have been raised by, either party were dismissed with prejudice by the Eastern District of Texas Court.

G. Defendants have raised invalidity of the Licensed Patents in response to Alexsam's breach of contract claims in this matter.

Respectfully submitted,

Dated: February 1, 2016

*/s/ Jacqueline K. Burt*
Steven W. Ritcheson
Email: swritcheson@insightplc.com
**INSIGHT, PLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383

Jacqueline K. Burt (*pro hac vice*)
Email: jburt@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339-4192
Telephone: (404) 996-0861
Facsimile: (205) 547-5502

Attorneys For Plaintiff/Cross Defendant
*Alexsam, Inc.*