UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA* (Dkt. 59, filed February 1, 2016)

## I.   INTRODUCTION

On June 12, 2015, plaintiff Alexsam, Inc. ("Alexsam") initiated this action in Los Angeles County Superior Court against defendants Green Dot Corporation ("Green Dot"), Next Estate Communications, Inc. ("Next Estate"), and Does 1 through 10 (collectively, "defendants"). Dkt. 1-1. Plaintiff's complaint asserts claims against defendants for: (1) breach of contract; (2) declaratory judgment; and (3) accounting. Id. On July 29, 2015, defendants removed this action to this court. Dkt. 1. The same day, defendants filed an answer to plaintiff's complaint asserting several affirmative defenses, Dkt. 1-2, and a cross-complaint for declaratory judgment, Dkt. 1-3. On August 25, 2005, plaintiff filed a motion to remand and a motion to dismiss certain of defendants' affirmative defenses and cross-claims based on lack of subject matter jurisdiction and for failure to state a claim. Dkt. 29. On September 28, 2015, the Court denied this motion in its entirety. Dkt. 41.

This dispute arises out of a patent infringement suit brought by Alexsam against Next Estate in the Eastern District of Texas in late 2003. That action resulted in a settlement agreement in which Alexsam agreed to grant Next Estate a license to use its patents in exchange for royalty payments. In the instant action, Alexsam alleges that defendants have violated the terms of the settlement agreement by failing to pay royalties to Alexsam as required by the parties' agreement. In their cross-complaint, defendants contend, *inter alia*, that Alexsam's patents are invalid and thus that defendants should not be held liable for any purported breach of the settlement agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

On February 1, 2016, Alexsam filed a motion for partial summary judgment. Dkt. 59. On February 22, 2016, defendants filed an opposition, Dkt. 68, and on March 7, 2016, Alexsam filed a reply, Dkt. 76. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

Alexsam is the owner of two patents: United States Patent No. 6,000,608 entitled "*Multifunction Card System*" ("the '608 Patent") and United States Patent No. 6,189,787 entitled "*Multifunctional Card System*" ("the '787 Patent"). Dkt. 1-3, Exs. 1, 2. As described by Alexsam, the patented technology enables operators of a stored value card system to provide prepaid debit cards or gift cards for sale and to enable card activation transactions to be performed at select retail locations. Compl. ¶ 18.

On September 26, 2003, Alexsam brought an action against Next Estate in the United States District Court for the Eastern District of Texas alleging that Next Estate had infringed the '608 and '787 patents ("the Texas Litigation"). Dkt. 59, Exs. A (docket in the Texas Litigation), B (Second Amended Complaint filed by Alexsam in the Texas Litigation). On or around June 3, 2005, the parties resolved the Texas Litigation by entering into a "Settlement And License Agreement" ("the Agreement"). Dkt. 58, Ex. H. The Agreement contains several provisions relevant to the instant motion.

***REDACTED***

In accordance with the Agreement, the parties filed a stipulated dismissal with prejudice in the Texas Litigation. Dkt. 58, Ex. I. This stipulation was accepted by the court in the Texas Litigation on June 10, 2005. Dkt. 58, Ex. J. The dismissal order provided in pertinent part: "Each claim made by Alexsam against Next Estate, and each counterclaim made or that could have been made by Next Estate against Alexsam, in this action is hereby dismissed with prejudice on the basis of the settlement reached, pursuant to Fed. R. Civ. P. 41." Id., at 2. Subsequently, Next Estate changed its name to form the company Green Dot. See Dkt. 1-1, ¶ 6; Dkt. 1-2, ¶ 6.

According to Alexsam, "[d]uring a routine review of its licenses, Alexsam determined that Defendants had modified their products and services such that they triggered additional periodic royalty payments." Mot., at 3. Alexsam contends that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

defendants have never made these additional royalty payments and, therefore, have violated the Agreement. Id. Consequently, on June 12, 2015, Alexsam brought the instant action seeking to enforce the Agreement. Dkt. 1. On July 29, 2015, defendants filed an answer to Alexsam's complaint in which they raised, as an affirmative defense, that the '608 and '787 patents are invalid and unenforceable. Dkt. 1-2. Also on July 29, 2015, defendants filed a a cross-complaint seeking, *inter alia*, a declaratory judgement that the '608 and '787 patents are invalid. Dkt. 1-3.

On August 25, 2014, Alexsam filed a motion to dismiss and/or remand this action. Dkt. 29. In this motion, Alexsam argued, among other things, that any counter-claims or defenses seeking to invalidate the '608 and '787 patents should be barred under the doctrine of *res judicata* based on the prior dismissal and release of defendants' claims with prejudice in the Texas Litigation. See generally Id. In its order denying Alexsam's motion, this Court declined to reach Alexsam's *res judicata* argument "conclud[ing] that this matter is better decided on a motion for summary judgment rather than a motion to dismiss." Dkt. 41, at 9. The instant motion for summary judgement followed.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. ANALYSIS

Alexsam moves for summary judgment on the grounds that, in light of the voluntary dismissal with prejudice of defendants claims in the Texas Litigation, defendants' affirmative defenses and counter-claims based on patent invalidity should be barred under the doctrine of claim preclusion.[1] The doctrine of claim preclusion "bars

---

[1] At the outset the Court notes that Alexsam's motion for summary judgment raises only the issue of *claim* preclusion—as opposed to *issue* preclusion. "[T]he term *res judicata* is often understood to encompass both flavors of preclusion"—claim and issue preclusion. Goodman Ball, Inc. v. Mach II Aviation, Inc., 2010 WL 480790, at *4 (N.D. Cal. Nov. 19, 2010). In their opposition, defendants raise arguments as to why neither claim *or* issue preclusion should apply in this case. However, Alexsam's motion refers solely to claim preclusion and, in its reply, Alexsam states:

> After careful review, Alexsam chose not to raise issue preclusion in its motion because it was not necessary to do so and because it likely does not apply in this situation. Defendants' issue preclusion argument should be ignored for this reason, as well as the fact that Alexsam did not raise it.

Reply, at 5. Accordingly, the instant motion only requires the Court to address whether claim preclusion applies in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group. Inc., 586 F.3d 1204, 1212 (9th Cir. 2009). Furthermore, "claim preclusion also bars the subsequent application of all *defenses* that could have been asserted in a previous action between the same parties on the same cause of action, even if such contentions were not raised." Goodman Ball, 2010 WL 4807090, at *4 (emphasis added) (citing Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992).

As a general matter, in applying the doctrine of claim preclusion, even in patent cases, courts apply the law of their regional circuit. See, Media Tech. Licensing, LLC v. Upper Deck Co., 334 F.3d 1366, 1369 (Fed. Cir. 2003) ("Because this case turns on general principles of claim preclusion, not on any rule of law having special application to patent cases, we apply the law of the regional circuit in which the district court sits."); Hartley v. Mentor Corp., 869 F.2d 1469, 1471 n. 1 (Fed. Cir. 1989) (stating that application of principles of res judicata is not a matter committed to the exclusive jurisdiction of the Federal Circuit). In the Ninth Circuit, claim preclusion applies where: "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." Cent. Delta Water Agency v. United States, 306 F.3d 938, 952 (9th Cir. 2002).

Here, the parties principally dispute whether the second of these elements is satisfied—i.e., whether the instant action involves the same claim or cause of action as the Texas Litigation. Alexsam argues that, because the instant action involves the same patents and the same parties as the Texas Litigation, the two actions necessarily involve the same claims or causes of action. However, under well-established law "even if the parties and patent[s] in a subsequent action are identical to a prior action, claim preclusion 'does not apply unless the accused device in the action before the court is 'essentially the same' as the accused device in a prior action between the parties that was resolved by a judgment on the merits.' " Goodman Ball, 2010 WL 4807090, at*7 (citing Acumed, LLC v. Stryker Corp., 525 F.3d 1319, 1324 (Fed. Cir. 2008)); see also Nasalok Coating Corp. v. Nylok Corp., 522 F.3d 1320, 1326 (Fed. Cir. 2008) ("[A] determination of patent infringement in an infringement suit, or even an explicit determination of patent validity, does not preclude the assertion of an invalidity defense in a second action involving *different products*.") (emphasis added); Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 479-80 (Fed. Cir. 1991) ("[F]or claim preclusion to apply here, the devices in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

the two suits must be essentially the same.").[2]  "This rule applies *equally* to infringement

---

[2] While, as stated *supra*, courts generally apply the law of their regional circuit in applying the doctrine of claim preclusion, the Federal Circuit has also acknowledged that "certain *res judicata* questions implicate issues unique to patent law." Jumpsport Inc. v. Hedstrom Corp., 2004 WL 2203556, at *1 (N.D. Cal. Sep. 29, 2004).  In these circumstances, the law of the Federal Circuit controls.  Crucially, the Federal Circuit has held that "whether two claims for patent infringement are 'the same' is a claim preclusion issue that is particular to patent law" and is, therefore, "analyzed under Federal Circuit law." Acumed LLC v. Stryker Corp., 525 F.3d 1319, 1323 (Fed. Cir. 2008); see also Hallco Mfg. Co, Inc. v. Foster, 256 F.3d 1290, 1294 (Fed. Cir. 2001) ("We address first the threshold question of whether Hallco was precluded by the earlier litigation from challenging in this litigation validity and infringement under the '022 patent . . . Since the present claim preclusion issue is particular to patent law, we analyze it under applicable Federal Circuit law.").  Accordingly, in evaluating the second element of claim preclusion the Court looks to the case law of the Federal Circuit and, in particular, the Federal Circuit's "essentially the same products" rule.  In addition, the Court notes that, even if it were to apply Ninth Circuit case law with respect to this issue, the outcome would likely be the same.  In assessing whether two claims are the same, the Ninth Circuit looks to four criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transaction or nucleus of facts." Rein v. Providian Fin. Corp., 270 F.3d 895, 903 (9th Cir. 2001) (citing C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987).  Courts often describe the last of these factors—whether the two suits arise out of the same transaction or nucleus of facts—as the "most important." See, e.g., Turtle Island Restoration Network v. U.S. Dep't. of State, 673 F.3d 914, 918 (9th Cir. 2012).  Courts have acknowledged that the Federal Circuit's "essentially the same products" rule, which was first announced in Foster v. Halco, Mfg. Co., Inc., 947 F.2d 469, 479-80 (Fed. Cir. 1991), derives from an application of a materially similar set of factors.  See Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 989 F. Supp. 1237, 1244 (N.D. Cal. 1997) (" Foster's focus on the same transaction factor was consistent with Ninth Circuit law.").  Thus, even applying Ninth Circuit law the Court would reach the same result.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

claims and invalidity challenges." Goodman Ball, 2010 WL 4807090, at*7 (emphasis in original); see also Nasolak, 522 F.3d at 1327 ("If the plaintiff would not be barred from bringing a second infringement suit, the defendant also should not be precluded from challenging patent validity in the second suit."). Defendants argue that, applying this case law, the Texas Litigation cannot preclude defendants' patent invalidity claims and defenses because Alexsam has failed to demonstrate that the products at issue in this case and the Texas Litigation are "essentially the same."

      In Foster v. Hallco Manfuacturing, Inc., the Federal Circuit addressed whether a consent judgment in a prior patent infringement suit could preclude a claim of patent invalidity in a subsequent suit involving the same parties and patents, but with different products. In that case, Hallco had previously sued Foster for patent infringement (Foster I). 947 F.2d at 472. The Foster I suit ended when the parties entered into a settlement agreement under which Foster obtained a license to use Hallco's patents. Id. In addition, the parties agreed to terminate the litigation by the entry of a consent judgment in which Foster acknowledged that it had infringed Hallco's patents and that Hallco's patents were "valid and enforceable in all respects." Id. All other claims and counterclaims were dismissed and the parties agreed that the consent judgment would constitute *res judicata* between the parties. Id.

      Thereafter, Foster began producing new models of its products, which it believed did not infringe any of Hallco's patents—and, thus, did not trigger royalty obligations under the parties' license agreement. Id. 472-73. Hallco disagreed and brought suit seeking to enforce the parties' agreement. Id. at 473. Foster responded by filing its own suit seeking, *inter alia*, a declaratory judgment that Hallco's patents were invalid and unenforceable. Id. Hallco, in turn, filed a motion for partial summary judgment on the grounds that Foster's challenge to the validity of Hallco's patents was precluded by virtue of the consent judgment in Foster I. Id.

      On appeal, the Federal Circuit explained as follows:

> Hallco's argument goes astray in viewing Foster's challenge to validity as in itself a "claim" within the meaning of res judicata principles. In this connection, "claim" does not mean merely "argument" or "assertion." "Claim" is used in the sense of the facts giving rise to the suit . . . Thus, a "claim" rests on a particular factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

> transaction or series thereof on which a suit is brought. An assertion of invalidity of a patent by an alleged infringer is not a "claim" but a defense to the patent owner's "claim." . . . While defenses to a "claim" are extinguished by application of the doctrine of claim preclusion, the facts related to the defense do not in themselves constitute the transaction or "claim." See, e.g., Restatement (Second) of Judgments, § 22 comments (b), (c) at 186–87.
>
> \* \* \*
>
> The transactional foundation which supports a declaratory judgment action rests on the facts respecting the patent owner's claim for infringement . . . In a declaratory judgment action, invalidity is but an anticipatory defense, and the "claim" of the declaratory judgment suit is based on the facts related to the patent owner's charge of infringement. Thus, claim preclusion applies in this case only if Hallco's infringement claim rests on the same transactional facts as in Foster I. See Restatement (Second) of Judgments, § 18(2).
>
> An essential fact of a patent infringement claim is the structure of the device or devices in issue . . . It follows that for claim preclusion to apply here, the devices in the two suits must be essentially the same.

Id. at 478-81. Accordingly, the Federal Circuit remanded the case to the district court to determine whether there were "material differences" between the products at issue in the present suit and Foster I. Id. at 481. Moreover, the Federal Circuit noted that "as the party asserting claim preclusion, it is Hallco's burden to show that the [products in the present suit] are essentially the same as those in Foster I."

     This case is indistinguishable from Foster. Alexsam previously filed suit against Next Estate, now Green Dot, for patent infringement. Just as in Foster, the parties resolved that suit by entering into a license agreement and stipulating to dismiss their claims and counterclaims with prejudice. Thereafter, defendants, like Foster, allegedly began selling a modified version of their products and services without paying Alexsam additional royalties. Alexsam then sued defendants seeking to enforce the Agreement and defendants filed a counterclaim under the Declaratory Judgment Act seeking to invalidate Alexam's patents. Alexsam, like Hallco has now moved for summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

judgment on grounds of claim preclusion relying on the judgment in the parties prior patent infringement suit.

Accordingly, as in Foster, and the case law cited *supra*, in order for claim preclusion to apply, Alexsam must demonstrate the products at issue in this case are "essentially the same" as the products at issue in the Texas Litigation. However, Alexsam has failed to submit *any* evidence that the products in this case are "essentially the same" as the products in Texas Litigation.[3] In fact, the very theory of Alexsam's case is that defendants violated the Agreement when they "*modified* their products and services" thereby triggering additional royalty payments. Mot., at 3 (emphasis added).[4] Thus, Alexsam has failed to meet its burden of demonstrating that the products in this case and the Texas Litigation are "essentially the same." See Advanced Cardiovascular

---

[3] Alexsam argues that this case does not involve any "new" products because the products at issue in this case were "explicitly contemplated by the License Agreement." Reply, at 2; see also Dkt. 58, Ex. H, ¶ 4, "Next Estate's Future Activities." Not only does Alexsam cite no authority in support of this argument, it also entirely misses the mark. The question presented by Alexsam's motion is whether defendant's patent invalidity claim in the instant action is the same as a claim or claims in the Texas Litigation. Whether the parties license also contemplated the products in the instant case has no bearing on the preclusive effect of the judgment in the Texas Litigation. That question turns on whether the products at issue now are "essentially the same" as the products at issue in the Texas Litigation.

[4] At the hearing, counsel for Alexsam argued that he had submitted evidence that the products in the instant case were "essentially the same" as the products in the Texas litigation. However, when asked by the Court to identify this evidence, Alexsam's counsel could not identify any specific evidence regarding the products themselves; rather, he claimed that the fact that Alexsam had sued defendant for a violation of the parties' license agreement was evidence that the products in the two cases were the same. In essence, this argument is simply a reiteration of plaintiff's argument that, because the license agreement contemplated the products at issue in this case, those products cannot be considered "new" products. However, as explained *supra* note 3, the Court has rejected this argument. Accordingly, the Court finds that Alexsam has failed to submit evidence demonstrating that the products are "essentially the same."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

Sys, Inc. v. SciMed Life Sys, Inc., 989 F. Supp. 1237, 1243-44 (N.D. Cal. 1997) (holding that invalidity defense was not precluded where plaintiff had failed to carry its burden of showing that the infringing devices in the two suits were "essentially the same"); see also SRI Intern., Inc. v. Symantec Corp., 852 F. Supp. 2d 529, 535 (D. Del. 2012) ("[I]t was Symantec's burden to demonstrate at this stage of the proceeding that MSS and ManHunt are 'essentially the same.' Symantec has not even tried to do so in its motion papers . . . More is required by [Foster and its progeny], and Symantec's motion must be denied."); Vulcan Intern., Inc. v. Jerr-Dan Corp., 1994 WL 654435, at *3 (N.D. Miss. May 18, 1994) ("Stated another way, Vulcan has not shown the court that the HPL–1000 is 'essentially the same' and not 'materially different' in structure from the accused 'Advanced Wheel Grid' at issue in this suit. Thus, Jerr–Dan is not barred by *res judicata* from challenging the validity of '623 in this action.") (citations omitted).[5]

The Court, therefore, cannot find that defendants' invalidity claims and defenses are barred by the doctrine of claim preclusion. Accordingly, the Court DENIES Alexsam's motion for partial summary judgment on grounds of claim preclusion.

---

[5] In its reply, Alexsam contends that the decision in Goodman Ball v. Mach II Aviation, Inc., 2010 WL 4807090 (N.D. Cal. Nov. 19, 2010) stands for the proposition that claim preclusion may still apply "even though the products accused in the second case were not accused in the first case." Reply, at 2. However, this misstates Goodman Ball. Contrary to Alexsam's interpretation, the court in Goodman Ball expressly found that the products in the suit before it were *identical* to the products in the prior suit, on which the plaintiff based its claim preclusion argument. See Goodman Ball, 2010 WL 4807090, at *8 ("[I]t is undisputed that the patent-in-suit and the accused water purification units are *identical* to those in the prior litigation."); Id. ("Comparing the prior and instant lawsuits . . . the accused products are the same"). Accordingly, Goodman Ball is entirely consistent with the caselaw cited *supra* holding that for claim preclusion to apply the products in both the prior suit and the current suit must be "essentially the same."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05742-CAS(PLAx) | Date | March 28, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for partial summary judgment.

IT IS SO ORDERED.

                                               00 : 00

                             Initials of Preparer     CMJ