UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   "O"

| Case No. | 2:15-cv-05742-CAS (PLA) | Date | September 12, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Ingrid Valdes | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Steven Ritcheson | Alfred Shaumyan |

**Proceedings:** PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION ORDER (Dkt. 120, Filed August 3, 2016)

## I.   INTRODUCTION AND BACKGROUND

On June 12, 2015, Alexsam, Inc. ("plaintiff") filed a complaint with the Superior Court of California for the County of Los Angeles against Green Dot Corporation, Next Estate Communications, Inc., and Does one through ten, inclusive (collectively "defendants"). Dkt.1. The complaint alleges that defendants have violated a prior settlement agreement, entered into in a prior patent infringement action between the parties. On July 29, 2015, defendants filed a notice of removal to this Court. Dkt. 1. On December 22, 2015, the Court set a schedule for claim construction briefing regarding Alexsam Inc.'s relevant patents. Dkt. 46.

On June 14, 2016, after briefing and oral argument by both parties, the Court issued its claim construction order construing the disputed terms in U.S. Patent Nos. 6,000,608 and 6,189,787 ("the June Claim Construction" or "the June Order"). Dkt. 112. In the June Claim Construction, the Court construed numerous disputed terms within the patents' claims, including the term "encoded." Id. Plaintiff argued that "encoded" should not be construed because its ordinary meaning sufficed. In the alternative, plaintiff argued "encoded" should be construed to be "placed into a code." Plaintiff Claim Constr. Mot., Dkt. 90 at 6. Defendant argued that "encoded" should be construed as "encoded on a magnetic strip of a card, or as a bar code on the card." Defendant Claim Constr. Mot., Dkt. 89 at 5. In its June Order, the Court adopted defendant's proposed construction of "encoded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-05742-CAS (PLA) | Date | September 12, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

On August 3, 2016, plaintiff filed a motion for reconsideration of the June Order with regard to the term "encoded." Dkt. 120. On August 22, 2016, defendant filed an opposition. Dkt. 122. On August 29, 2016, plaintiff filed a reply. Dkt. 123.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

## III.  DISCUSSION

Plaintiff's motion for reconsideration of the June Order does not argue any new facts or new law. Nonetheless, the Court retains authority to modify its interlocutory orders where it identifies error. Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005); see also United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (district courts may reconsider their own orders in order to correct simple mistakes "rather than waiting for the time-consuming, costly process of appeal").

Here, the Court's intent was to construe the term "encoded" in light of the patent specifications. In the June Claim Construction, the Court noted two uses of the term "encoded" in a paragraph of the specification. In said paragraph, the specification refers to encoding a Bank Identification Number ("BIN") either (1) on a card's magnetic strip

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:15-cv-05742-CAS (PLA) | Date | September 12, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

or (2) as a bar code.  The Court's June Order limited the patents' claims to those two methods of encoding information.  The Court failed to consider the language of the specification in its entirety:

> The BIN is encoded on a magnetic strip on each card in the system as a part of the card's identification number.  Alternatively or additionally, the BIN and identification number could be encoded as a bar code, embossed on the surface on the card in numerals for manual entry, **or provided by any other means known in the art**.

Patent No. 6,000,608 at 4:40-46 (emphasis added).  The final phrase of the passage clearly contemplates other means of encoding than those considered by the Court in its June Order.

Furthermore, the Court intended to construe "encoded" in accordance with prior constructions.  On April 9, 2012, Judge Craven, considering analogous construction proposals, determined that the term "encoded" did not require construction and should be given its plain and ordinary meaning.  Alexsam v. Best Buy Co., Inc., et al, Dkt. 90, Ex. K at 31.  Judge Craven reasoned that the aforementioned language of the specification does not limit the means of encoding data to only a bar code or magnetic strip.  Instead, the specification acknowledges other "means known in the art."  Id.  The Court agrees and concludes that it erred in its June Order when it limited the language of the specification.

Accordingly, reconsideration of the Court's June Order is appropriate.  See L.R. 7-18(c).  The Court hereby modifies the June Order with regard to the construction of the term "encoded," and concludes that the term does not require construction and is best given its plain and ordinary meaning.[1]

---

[1] In 2007, Judge Ward also construed the term "encoded." Alexsam v. Humana, Inc., Dkt. 90 Ex. G.  In that case the term was not disputed and Judge Ward adopted the parties' joint proposal to construe "encoded"as "placed into a code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                                 "O"

| Case No. | 2:15-cv-05742-CAS (PLA) | Date | September 12, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, plaintiff's motion for reconsideration is **GRANTED**.

IT IS SO ORDERED

|  | : | 05 |
|---|---|---|
| Initials of Preparer | IV | |