UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | ALEXSAM INC. V. GREEN DOT CORP. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Steven Ritcheson | Alfred Shaumyan |

**Proceedings:** DEFENDANTS' MOTION FOR LEAVE TO AMEND THE ANSWER AND COUNTERCLAIMS (Filed September 19, 2016, Dkt. 127)

PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (Filed September 19, 2016, Dkt. 130)

## I.   INTRODUCTION

On June 12, 2015, Alexsam, Inc. ("plaintiff") filed a complaint with the Superior Court of California for the County of Los Angeles against Green Dot Corporation, Next Estate Communications, Inc., and Does one through ten, inclusive (collectively "defendants"). Dkt.1, Ex. A. The complaint alleges that defendants have violated a prior settlement agreement ("the Agreement"), entered into in a prior patent infringement action between the parties. On July 29, 2015, defendants filed an answer with the Superior Court of California. Dkt. 1, Ex. B. On July 29, 2015, defendants filed a notice of removal to this Court. Dkt. 1. On September 28, 2015, the Court denied plaintiff's motion to remand. Dkt. 41. On June 14, 2016, the Court issued its claim construction order regarding plaintiff's patents. Dkt. 112.

On July 17, 2016, the Court issued a scheduling order, which set September 19, 2016, as the last day to request leave to file amended pleadings. Dkt. 117. The Court set the cutoff for factual discovery as February 1, 2017. Trial is set for September 5, 2017. Id. On September 19, 2016, plaintiff filed a motion for leave to amend its complaint, Dkt. 130, and defendant filed a motion seeking leave to amend their answer and counterclaim, Dkt. 127. On September 26, 2016, the parties filed their respective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | ALEXSAM INC. V. GREEN DOT CORP. ET AL. | | |

oppositions. Dkt. 137, 138. On October 3, 2016, the parties filed replies in support of their respective motions. Dkt. 141, 142.

The gravamen of defendants' request is that defendants seek leave to add an affirmative defense that the complaint's allegations are barred by res judicata and collateral estoppel in light of the decision in Alexsam,Inc. v. The Gap, Inc., 621 F. App'x 983 (Fed. Cir. 2015). Id. Additionally, defendants seek to add language to their prayer for judgment requesting "*reasonable* attorney's fees, incurred herein, *and that the Court declare this case exceptional in their favor under 35 U.S.C. § 285.*" Id (proposed change emphasized). Defendants also seek leave to make similar amendments to their first amended counterclaim.

The gravamen of plaintiff's request is that plaintiff seeks to add an additional breach of contract theory and an additional claim for breach of the covenant of good faith and fair dealing. More specifically, plaintiff claims to have discovered additional breaches of the Agreement in that defendants have failed to properly mark their products in accordance with the Agreement. Plaintiff also alleges that defendants have breached the covenant of good faith and fair dealing by asserting, during this litigation, that plaintiff's relevant patents are invalid.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

Both motions are governed by Federal Rule of Civil Procedure 15(a)(2) ("Rule 15"). As the parties acknowledge, Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality," and is granted at the Court's discretion. Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Id.

The aforementioned factors support granting the parties leave to amend. There is ample time remaining for factual discovery and the deadline to file motions is not until

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | ALEXSAM INC. V. GREEN DOT CORP. ET AL. | | |

May 5, 2017. The proposed amendments do not appear to cause unfair prejudice to either party. Nor can the Court determine at this stage in litigation whether any of the proposed amendments are futile. Absent some other important consideration weighing more heavily in favor of denying leave, the Court concludes that the "extreme liberality" with which leave is ordinarily granted warrants a grant of leave in both matters now before the Court.

Accordingly, plaintiff's motion for leave to amend the complaint is **GRANTED**. Defendants' motion for leave to amend the answer and counterclaim is **GRANTED**.

## III.  CONCLUSION

Plaintiff's motion for leave to amend the complaint is **GRANTED**. Plaintiff is ordered to file its proposed amended complaint within seven days of this Order. Thereafter, defendants shall have **14 days** to answer or otherwise respond.

Defendants' motion for leave to amend the answer and counterclaim is **GRANTED**. Defendants shall file an amended answer and counterclaim within seven days of this Order.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
|  | Initials of Preparer | | CMJ |