NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ALEXSAM, INC., <br>　　　　　　Plaintiff, <br><br>　　　v. <br><br>GREEN DOT CORPORATION, NEXT ESTATE COMMUNICATIONS, INC., and DOES 1 through 10, inclusive, <br><br>　　　　　　Defendants. | Case No. 2:15−cv−05742 CAS (PLAx) <br><br>**PROTECTIVE ORDER** <br><br>**Judge Christina A. Snyder** <br><br>Complaint Filed: June 12, 2015 (Los Angeles Superior Court) <br><br>Date Removed: July 29, 2015 |
| GREEN DOT CORPORATION and NEXT ESTATE COMMUNICATIONS, INC., <br><br>　　　　　　Cross-Complainants, <br><br>　　　v. <br><br>ALEXSAM, INC., <br><br>　　　　　　Cross-Defendant. | |

# TABLE OF CONTENTS

**1. PURPOSES AND LIMITATIONS**........................................................................ 1

**2. DEFINITIONS**................................................................................................... 1

**3. SCOPE**............................................................................................................... 3

**4. DURATION**....................................................................................................... 3

**5. DESIGNATING PROTECTED MATERIAL** ........................................................ 4

   **A. CONFIDENTIALITY LEVELS** ....................................................................... 4

     1. Confidential. .......................................................................................... 4

     2. Highly Confidential - Outside Attorneys' Eyes Only. ...................... 4

     3. Highly Confidential - Source Code. .................................................. 5

   **B. EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION**.................................................................................................. 5

   **C. MANNER OF DESIGNATIONS** ...................................................................... 6

     1. Designation Of Documents .................................................................. 6

     2. Designation Of Transcripts ................................................................. 7

     3. Designation Of Other Tangible Items ................................................ 8

   **D. TIMING OF DESIGNATIONS** ....................................................................... 8

   **E. INADVERTENT FAILURES TO DESIGNATE** .................................................. 8

   **F. CHALLENGING CONFIDENTIALITY DESIGNATIONS** ................................. 8

     1. Timing of Challenges. ........................................................................... 8

     2. Meet and Confer Requirement. ........................................................... 9

     3. Judicial Intervention. ............................................................................ 9

**6. ACCESS TO AND USE OF PROTECTED MATERIAL** ........................................ 10

   **A. STORAGE OF PROTECTED MATERIAL** ...................................................... 10

   **B. DISCLOSURE OF INFORMATION OR ITEMS DESIGNATED "CONFIDENTIAL"** 10

   **C. DISCLOSURE OF INFORMATION OR ITEMS DESIGNATED "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" AND "HIGHLY CONFIDENTIAL – SOURCE CODE"** .................................................................. 11

   **D. PROCEDURES FOR APPROVING OR OBJECTING TO DESIGNATING EXPERTS FOR DISCLOSURE OF INFORMATION OR ITEMS DESIGNATED AS HIGHLY CONFIDENTIAL** .............................................................................................. 12

1. Procedure For Designating Experts .................................................. 12

2. Procedure For Objecting To Designations ....................................... 13

**7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**.................................................... **14**

**8.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION** ..................................................... **14**

**9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL** ......... **15**

**10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL** ............................................................ **16**

**11.   FILING PROTECTED MATERIAL**............................................. **17**

**12.   FINAL DISPOSITION** ............................................................ **17**

**13.   MISCELLANEOUS PROVISIONS**.............................................. **17**

**A.   RIGHT TO FURTHER RELIEF.** ........................................ 17

**b.   Right to Assert Other Objections.** ................................. 18

**c.   Export Control.**........................................................ 18

**d.   Notices** ................................................................... 18

### 1.    PURPOSES AND LIMITATIONS

Plaintiff Alexsam, Inc. (hereinafter, "Alexsam") and Defendants Green Dot Corporation, Next Estate Communications, Inc. (hereinafter, "Green Dot") (collectively, the "Parties") are in agreement that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties have stipulated to be bound by the following Protective Order ("Order") in this action. This Order is not intended to confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 2.    DEFINITIONS

2.1.    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.3.    <u>House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.4.    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in accordance with this Order.

2.5.    <u>Disclosure or Discovery Material</u>: all items or information discovered or disclosed pursuant to Rules 26 through 35, inclusive, of the Federal Rules of Civil Procedure, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony,

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who: (a) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (b) is not a current employee of a Party or of a Party's competitor; and, (c) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7. <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13. <u>Protected Material</u>: any Disclosure or Discovery Material that is

designated as belonging to one of the defined categories.

2.14. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and, (c) any information that is independently developed without use of or reliance upon Protected Material produced by another Party.

Further, the protections conferred by this Order apply only to Disclosure or Discovery Material and to court filings that might reveal Protected Material, and do not apply to evidence presented at any court hearings or proceedings. Any such use of Protected Material shall be governed by a separate order from the judicial officer conducting the hearing or proceeding, at the appropriate time.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; and, (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

For the purposes of identifying Protected Material, Disclosure or Discovery Materials shall be classified as follows:

### a. CONFIDENTIALITY LEVELS

The following confidentiality designations shall be assigned as applicable to Disclosure or Discovery Material and, where appropriate, be used as the descriptor affixed to the material produced.  Nothing in the following sub-paragraphs of this Paragraph 5.a. should be taken to mean that information of the types referenced therein are necessarily relevant or otherwise subject to production in this case, the parties reserving their rights to assert such objections as may be appropriate as to any particular information.  The Confidentiality Levels to be used are defined as follows:

1.  Confidential: non-public information (regardless of how it is generated, stored or maintained) or tangible things that the designating party reasonably believes in good faith constitutes or reveals proprietary or confidential research, development, business, financial, sales, marketing, or commercial information.

2.  Highly Confidential - Outside Attorneys' Eyes Only: extremely sensitive non-public information (regardless of how it is generated, stored or maintained) or tangible things that the designating party reasonably believes in good faith is not only "Confidential", as that term is defined

herein, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to: licensing agreements, settlement agreements and settlement terms, proprietary customer, supplier and distributor information, trade secrets, sensitive financial data, marketing and business plans or strategies for existing or new products or processes, non-privileged information related to pending unpublished patent applications, and research, development, design and technical information for existing or new products or processes, and sensitive information of Defendants' competitors.  Only Disclosure or Discovery Material containing extremely sensitive and confidential information and whose disclosure to other parties to this action would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means may properly be assigned this designation under this Order.

3. Highly Confidential - Source Code: extremely sensitive non-public information (regardless of how it is generated, stored or maintained) or tangible things identified as computer programming, code and other types of sensitive information typically referred to as "source code," or that contain computer code, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Only Disclosure or Discovery Material containing computer code may properly be assigned this designation under this Order.

**b. EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expense and burden on other parties) are forbidden.

### c. MANNER OF DESIGNATIONS

1. Designation Of Documents

For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify

for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

### 2. Designation Of Transcripts

For testimony given in deposition, the Designating Party shall endeavor, in good faith, to identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted. When in the good faith view of the Designating Party it is impractical to identify separately each portion of testimony that is entitled to protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted, and until such timely designation occurs the entire deposition shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as appropriate for the designated category.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

### 3. Designation Of Other Tangible Items

For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

### d. TIMING OF DESIGNATIONS

Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

### e. INADVERTENT FAILURES TO DESIGNATE

If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### f. CHALLENGING CONFIDENTIALITY DESIGNATIONS

#### 1. Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time **within the discovery period established by the District Judge**. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by not mounting a challenge promptly after the original designation is disclosed.

### 2. Meet and Confer Requirement.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### 3. Judicial Intervention.

If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to challenge a confidentiality designation within 30 calendar days of the initial notice of challenge or within 14 calendar days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Any such motion must be made in strict compliance with Local Rules 37-1 and 37-2 (including the joint stipulation requirement).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation

1  until the Court rules on the challenge.

2  **6.      ACCESS TO AND USE OF PROTECTED MATERIAL**

3  A Receiving Party may use Protected Material that is disclosed or produced

4  by another Party or by a Non-Party in connection with this case only for

5  prosecuting, defending, or attempting to settle this litigation. Such Protected

6  Material may be disclosed only to the categories of persons and under the conditions

7  described in this Order.

8  **a. STORAGE OF PROTECTED MATERIAL**

9  Protected Material must be stored and maintained by a Receiving Party at a

10  location and in a secure manner that ensures that access is limited to the persons

11  authorized under this Order.

12  **b. DISCLOSURE OF INFORMATION OR ITEMS DESIGNATED "CONFIDENTIAL"**

13  Unless otherwise ordered by the Court or permitted in writing by the

14  Designating Party, a Receiving Party may disclose any information or item

15  designated "CONFIDENTIAL" only to:

16      (a)     the Receiving Party's Outside Counsel of Record in this action, as well

17      as employees of said Outside Counsel of Record to whom it is reasonably

18      necessary to disclose the information for this litigation and who have signed

19      the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

20      Ex. A;

21      (b)     the officers, directors, and employees (including House Counsel) of the

22      Receiving Party to whom disclosure is reasonably necessary for this litigation

23      and who have signed the "Acknowledgment and Agreement to Be Bound"

24      (Ex. A);

25      (c)     Experts (as defined in this Order) of the Receiving Party to whom

26      disclosure is reasonably necessary for this litigation and who have signed the

27      "Acknowledgment and Agreement to Be Bound" (Ex. A);

28

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Ex. A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Ex. A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

c.  **DISCLOSURE OF INFORMATION OR ITEMS DESIGNATED "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" AND "HIGHLY CONFIDENTIAL – SOURCE CODE"**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Ex. A;

(b)     House Counsel of the Receiving Party, (1) to whom disclosure is

reasonably necessary for this litigation, and (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Ex. A).  Notwithstanding any of the foregoing, documents and information (A) designated HIGHLY CONFIDENTIAL – SOURCE CODE or (B) identified by the Designating Party as constituting licensing agreements, settlement agreements and/or settlement terms with third parties may not be shown or disclosed to House Counsel of a Receiving Party;

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Ex. A), and (3) as to whom the procedures set forth below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Ex. A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**d. PROCEDURES FOR APPROVING OR OBJECTING TO DESIGNATING EXPERTS FOR DISCLOSURE OF INFORMATION OR ITEMS DESIGNATED AS HIGHLY CONFIDENTIAL**

A Party that makes a request and provides the information specified in the following paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

1. Procedure For Designating Experts

Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), and (4) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

2. <u>Procedure For Objecting To Designations</u>

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. Additionally, any such motion must be made in strict compliance with Local Rules 37-1 and 37-2 (including the joint stipulation requirement).

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under

the safeguards proposed) outweighs the Receiving Party's need to disclose the
Protected Material to its Expert.

## 7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation
that compels disclosure of any information or items designated in this action as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification
shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order
to issue in the other litigation that some or all of the material covered by the
subpoena or order is subject to this Order. Such notification shall include a
copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be
pursued by the Designating Party whose Protected Material may be affected.[1]

The Designating Party shall bear the burden and expense of seeking
protection in that court of its confidential material – and nothing in these provisions
should be construed as authorizing or encouraging a Receiving Party in this action to
disobey a lawful subpoena issued in another action.

## 8.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-
Party in this action and designated as "CONFIDENTIAL," or "HIGHLY
CONFIDENTIAL." Such information produced by Non-Parties in connection with
this litigation is protected by the remedies and relief provided by this Order. Nothing

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of
this Order and to afford the Designating Party in this case an opportunity to try to protect its
confidentiality interests in the court from which the subpoena or order issued.

in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, or Court Order to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)   promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 9.   UNAUTHORIZED   DISCLOSURE   OF   PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating

Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Nothing in this Paragraph 9 shall be taken to limit the rights of an aggrieved Designating Party with respect to such unauthorized disclosure, with all such rights being reserved.

## 10.    INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are (A) those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), or (B) should the Receiving Party, in an exercise of good faith, reasonably conclude that produced material contains information arguably subject to a claim of privilege or other protection, the Receiving Party shall immediately provide specific written notification to the Producing Party of the same and await instructions from the Producing Party as to whether such production was inadvertent and whether such material should be returned to the Producing Party; if such instructions are received within 10 business days of receipt of notice given under this sub-paragraph 10(B), the Receiving Party will immediately follow the procedures set forth in the second and third sentences of Rule 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Order.

**11.   FILING PROTECTED MATERIAL**

If any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the papers shall be filed in accordance with Local Rule 79-5.  **Good cause must be shown to file any document(s) under seal.**

**12.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

**13.   MISCELLANEOUS PROVISIONS**

**a. RIGHT TO FURTHER RELIEF.**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. This Order may be modified by the Parties by written

agreement, but such modification shall have no force or effect unless approved by the Court.

**b. Right to Assert Other Objections.**

No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**c. Export Control.**

Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

**d. Notices**

Notices given pursuant to this Agreement to (1) parties, shall be sent to their counsel of record herein; and (2) non-parties shall be sent to their reasonably ascertainable counsel or, barring the same, their in-house counsel, with best, good faith efforts to ensure that notice was duly received.

IT IS SO ORDERED.

DATED: October 25, 2016

_____
Paul L. Abrams
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ , of

_____ ,

declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Central District of California on in the case of *Alexsam, Inc. v. Green Dot Corporation et al.,* Case No. 2:15−cv−05742 CAS (PLAx). I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will be returned by me to the person who furnished such documents, materials, or information to me upon conclusion of the case.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Signature: _____     Date Signed: _____

Printed Name: _____     City, State: _____