UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS (Filed November 4, 2016, Dkt. 155)

## I. INTRODUCTION

On June 12, 2015, Alexsam, Inc. ("Alexsam") filed a complaint in the Superior Court of California for the County of Los Angeles against Green Dot Corporation ("Green Dot"), Next Estate Communications, Inc. ("Next Estate"), and Does one through ten, inclusive (collectively "defendants"). Dkt.1, Ex. A. The gravamen of plaintiff's complaint is that defendants have breached a prior Settlement Agreement in a patent dispute between the parties ("the Agreement"). On July 29, 2015, defendants filed an answer to plaintiff's complaint asserting several affirmative defenses, Dkt. 1-2, and a cross-complaint for declaratory judgment, Dkt. 1-3. The same day, defendants filed a notice of removal to this Court. Dkt. 1.

On September 19, 2016, plaintiff requested leave to amend its complaint in order to add two claims. Dkt. 130. On October 17, 2016, the Court granted plaintiff's request. Dkt. 143. On October 21, 2016, plaintiff filed a First Amended Complaint ("FAC") alleging claims for (1) breach of contract, (2) declaratory judgment, (3) accounting, and (4) breach of the implied covenant of good faith and fair dealing. Dkt. 146.

On November 4, 2016, defendants filed a motion to dismiss plaintiff's claim for breach of the implied covenant of good faith and fair dealing, which was added to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                           'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

plaintiff's claims when plaintiff amended its pleadings.[1]  Dkt. 155.  On November 18, 2016, plaintiff filed an opposition.  Dkt. 167.  On November 28, 2016, defendants filed a reply.  Dkt. 169.

Having carefully considered the parties' arguments, the Court rules as follows.

**II.    BACKGROUND**

Alexsam is the owner of two patents: United States Patent No. 6,000,608 entitled "Multifunction Card System" ("the '608 Patent") and United States Patent No. 6,189,787 entitled "Multifunctional Card System" ("the '787 Patent").  Dkt. 1-3, Exs. 1, 2.  As described by Alexsam, the patented technology enables operators of a stored value card system to provide prepaid debit cards or gift cards for sale and to enable card activation transactions to be performed at select retail locations.  FAC ¶ 18.

On September 26, 2003, Alexsam brought an action against Next Estate in the United States District Court for the Eastern District of Texas alleging that Next Estate had infringed the '608 and '787 patents ("the Texas Litigation").  Dkt. 59, Exs. A (docket in the Texas Litigation), B (Second Amended Complaint filed by Alexsam in the Texas Litigation).  On or about June 3, 2005, the parties resolved the Texas Litigation by entering into the Agreement.  Dkt. 58, Ex. H.

In accordance with the Agreement, the parties filed a stipulated dismissal with prejudice in the Texas Litigation. Dkt. 58, Ex. I.  This stipulation was accepted by the court in the Texas Litigation on June 10, 2005.  Dkt. 58, Ex. J.  The dismissal order provided in pertinent part: "Each claim made by Alexsam against Next Estate, and each counterclaim made or that could have been made by Next Estate against Alexsam, in this action is hereby dismissed with prejudice on the basis of the settlement reached, pursuant to Fed. R. Civ. P. 41."  Id., at 2.  Subsequently, Next Estate changed its name to form the company Green Dot.  See Dkt. 1-1, ¶ 6; Dkt. 1-2, ¶ 6.

---

[1] Several of the filings in this action are under seal in order to prevent release of the contents of the Agreement.  Defendants' unredacted motion was filed on November 10, 2016.  Dkt. 162.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | December 13, 2016 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

Alexsam contends that defendants have breached the implied covenant of good faith and fair dealing arising out of the Agreement by taking certain positions during the instant litigation. Specifically, plaintiff alleges that defendants breached the implied covenant of good faith and fair dealing by asserting their second affirmative defense (that the '608 Patent and '787 Patent are invalid), their third affirmative defense (that the patents' claims are unenforceable), and their counterclaim (alleging that the patents are invalid). FAC ¶¶ 50-52. Plaintiff acknowledges that the Agreement "does not explicitly forbid [defendants] from raising such defenses and claims," id. ¶ 53, but nonetheless contends that said litigation positions "do not comport with the obligations to 'not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract,'" id. ¶ 57 (citing California Jury Instructions, No. 325).

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | December 13, 2016 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

"To grant a Rule 12(b)(6) motion on the basis of an affirmative defense, the facts establishing that defense must (i) 'be definitively ascertainable from the complaint and other allowable sources of information, and (ii) 'suffice to establish the affirmative defense with certitude.'" William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 9:193.5 (2016) (quoting Gray v. Evercore Restructuring L.L.C., 544 F3d 320, 324 (1st Cir. 2008)); see also ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014).

**IV.   DISCUSSION**

Defendants contend that, pursuant to California Civil Code section 47(b), their affirmative defenses and counterclaim are privileged. Section 47 provides, in pertinent part, that, "[a] privileged publication . . . is one made . . . [i]n any . . . judicial proceeding." Cal. Civ. Code § 47. To be protected by the litigation privilege, statements must be "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Rusheen v. Cohen, 37 Cal. 4th 1048, 1062 (2006). Plaintiff's claim is based exclusively upon defendants' pleadings, wherein defendants challenge the validity of the patents underlying the Agreement. Accordingly, defendants' statements easily satisfy the aforementioned requirements.

Nonetheless, plaintiff contends that defendants' defenses and counterclaim are not protected by the litigation privilege because plaintiff's claim sounds in contract rather than tort. Several California cases have described the privilege as protecting against "tort" claims arising out of privileged statements, see e.g. id. ("the litigation privilege applies to the declarations and protects against *torts* arising from the privileged declarations"), however, numerous courts have also permitted the privilege to protect against breach of contract claims, see e.g. Collins v. Allstate Indem. Co., 428 F. App'x 688, 689 (9th Cir. 2011) (affirming the dismissal of a claim for breach of implied

Case 2:15-cv-05742-CAS-PLA   Document 171   Filed 12/13/16   Page 5 of 8   Page ID #:4087

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

covenant of good faith and fair dealing).  Both parties acknowledge that whether or not the litigation privilege protects against a contract-based claim depends upon the nature of the claim and the circumstances of the case.

The gravamen of plaintiff's fourth claim is that defendants' affirmative defenses and counterclaim are inconsistent with the spirit of the Agreement.  However, cases evaluating the protection afforded by the litigation privilege regularly focus on the express terms of the underlying contract rather than purportedly implied duties arising out of the contract.  Indeed, numerous courts have determined that the litigation privilege protects statements allegedly in breach of a contract unless the underlying contract *expressly* imposes a duty not to make certain statements or take certain positions in litigation.  See e.g. Vivian v. Labrucherie, 214 Cal. App. 4th 267, 276 (2013) (applying the litigation privilege to a contract claim because "the agreement on which plaintiff relies does not clearly prohibit the conduct that plaintiff challenges"); McNair v. City & Cty. of San Francisco, 2016 WL 6879277, at *10 (Cal. Ct. App. Nov. 22, 2016) (applying Vivian and concluding that the contract did not "clearly prohibit" the challenged statements).  Defendants here have not expressly agreed not to bring a claim against plaintiff or not to take certain positions in future litigation.  Plaintiff concedes that the Agreement does not expressly prevent defendants from challenging the validity of the underlying patents.  See FAC ¶ 53.  Accordingly, plaintiff does not allege a breach of the Agreement's express terms and defendants' pleadings are entitled to the protection of the litigation privilege.

Additionally, "whether the litigation privilege applies to an action for breach of contract turns on whether its application furthers the policies underlying the privilege." Wentland v. Wass, 126 Cal. App. 4th 1484, 1492 (2005).  As observed in Wentland, the "principal purpose" of the litigation privilege is to guarantee "the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort action."  Id. (quoting Silberg v. Anderson, 50 Cal.3d 205, 213 (1990)).  In other words, "the purpose of the litigation privilege is to ensure free access to the courts, promote complete and truthful testimony, encourage zealous advocacy, give finality to judgments, and avoid unending litigation."  Id.  "To effectuate these purposes, the litigation privilege is absolute and applies regardless of malice.  Moreover, in furtherance of the public policy purposes it is designed to serve, the privilege prescribed by section 47[b] has been given broad application."  Rusheen, 37 Cal. 4th at 1063 (citations, quotation marks, and brackets omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | December 13, 2016 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

Application of the litigation privilege to defendants' pleadings furthers the purposes of the litigation privilege. The Court has already denied plaintiff's motion for partial summary judgment with respect to defendants' counterclaim. See Dkt. 82. In its motion for partial summary judgment, plaintiff argued that the Agreement precludes defendants from bringing a challenge to the underlying patents in future litigation. However, in denying plaintiff's motion, the Court observed that, unless a licensee's product is "essentially the same" as the product at issue in prior litigation, a settlement agreement does not preclude a licensee from challenging a patent's validity in a future dispute against the patent owner. Id. (relying upon Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 479-80 (Fed. Cir. 1991). Plaintiff does not contend that defendants' product is essentially the same as that in the parties' prior litigation. Therefore, defendants' affirmative defenses and counterclaim may be appropriately raised in this litigation despite the Agreement. The Court denied plaintiff's motion for partial summary judgment because defendants are permitted, despite the Agreement, to challenge the validity of the underlying patents as a defense to plaintiff's breach of contract claim. Dkt. 82. Plaintiff nonetheless avers that raising defendants' challenges to plaintiff's patents "has a cost" because defendants may be liable for pleadings that are allegedly inconsistent with the spirit of the Agreement. Opp'n at 11.

Imposing said "cost" is inconsistent with the purposes of the litigation privilege. If, as plaintiff avers, a licensee's potentially viable challenge to the underlying patent(s) is not privileged, then it would undermine the purposes of the litigation privilege by denying every licensee a full and complete adjudication of potentially viable defenses. Every licensee who is sued for breach of a licensing agreement would face a catch 22. They would be forced to choose between foregoing a defense which they are entitled to raise or violating an implied duty arising out of their licensing agreement. If defendants' positions are not privileged, defendants must forego zealous advocacy and risk unending litigation about whether or not, by defending an action or subsequent actions, defendants have violated an implied duty inhering in their licensing agreement. Accordingly, the Court concludes that the purposes of the litigation privilege are furthered by applying the privilege to defendants' pleadings here.

Finally, the Court's conclusion finds further support in the fact that plaintiff's claim sounds, at least partly, in tort. The parties agree that the litigation privilege protects against any tort claims arising out of defendants' statements during litigation. In Wentland, the court evaluated whether the plaintiff's claim sounded in contract or tort.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                        **'O'**

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

The court observed that "[i]t has been well established in this state that if the cause of action arises from a breach of a promise set forth in the contract, the action is ex contractu, but if it arises from a breach of duty growing out of the contract it is ex delicto." Wentland, 126 Cal. App. 4th at 1495 (quoting Little v. Speckert, 170 Cal.App.2d 725, 727 (1959)). Thereafter, the court noted that the defendant "had promised not to" make the statements at issue and that, therefore, the cross-complaint sounds in contract, not tort. Id. In contrast to an alleged breach of a contract's express terms, a breach of the implied duty of good faith and fair dealing has been said to "sound[] in both contract and tort." Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 573 (1973). That is so because the duty alleged to have been breached is not one that the parties expressly promised, but an implied duty not to act in bad faith. Indeed, "tort is a field which pervades the entire law, and is so interlocked at every point with property, contract and other classifications that, as a student of law soon discovers, the categories are quite arbitrary." Prosser and Keeton on Torts, 5th ed. (1984) at 2-3. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is based upon an implied duty arising out of all contracts rather than a duty "set forth" in a particular contract, Wentland, 126 Cal. App. 4th at 1495. Accordingly, plaintiff's fourth claim sounds in both contract *and* tort. Therefore, defendants' affirmative defenses and counterclaim are privileged.

Because the litigation privilege is an absolute defense to plaintiff's claim, defendants' motion to dismiss plaintiff's fourth claim is **GRANTED**.[2] Plaintiff's fourth claim for relief is **DISMISSED with prejudice**. In light of the foregoing, defendants motion to strike plaintiff's fourth claim for relief is **DENIED as moot**.

---

[2] Plaintiff argues that the Court has already resolved this issue in its favor by granting leave to add the fourth claim for relief. In so doing, the Court observed that it could not "determine at this stage in litigation whether any of the proposed amendments are futile." Dkt. 143. However, as defendants correctly point out, plaintiff's request for leave to amend the pleadings was subject to the liberal standard of Rule 15, which is inapplicable here. Facebook, Inc. v. ConnectU LLC, 2007 WL 1725441, at *1 (N.D. Cal. June 14, 2007) ("Given the liberal standards of Rule 15 as to when leave to amend may be granted, the preferable course is to [accept the amendment] without prejudice to any arguments the [parties] may make in a motion to dismiss").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

## V. CONCLUSION

Defendants' motion to dismiss plaintiff's claim for breach of the covenant of good faith and fair dealing is **GRANTED**.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |