## [REDACTED] CIVIL MINUTES – GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Steven Ritcheson | Alfred Shaumyan |
| | Ben Clark |

**Proceedings:**    PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER (Filed March 13, 2017, Dkt. 193 (Redacted), Dkt. 208 (Sealed))

PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (Filed March 2, 2017, Dkt. 181 (Redacted), Dkt. 187 (Sealed))

## I. INTRODUCTION

On June 12, 2015, Alexsam, Inc. ("Alexsam") filed a complaint in the Superior Court of California for the County of Los Angeles against Green Dot Corporation ("Green Dot"), Next Estate Communications, Inc. ("Next Estate"), and Does one through ten, inclusive (collectively "defendants"). Dkt.1, Ex. A. The gravamen of plaintiff's complaint is that defendants have breached a prior Settlement Agreement in a patent dispute between the parties ("the Agreement"). On July 29, 2015, defendants filed an answer to plaintiff's complaint asserting several affirmative defenses, Dkt. 1-2, and a cross-complaint for declaratory judgment, Dkt. 1-3. The same day, defendants filed a notice of removal to this Court. Dkt. 1.

On September 19, 2016, plaintiff requested leave to amend its complaint in order to add two claims. Dkt. 130. On October 17, 2016, the Court granted plaintiff's request. Dkt. 143. On October 21, 2016, plaintiff filed a First Amended Complaint ("FAC") alleging claims for (1) breach of contract, (2) declaratory judgment, (3) accounting, and (4) breach of the implied covenant of good faith and fair dealing. Dkt. 146.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

On November 4, 2016, defendants filed a motion to dismiss plaintiff's claim for breach of the implied covenant of good faith and fair dealing, which was added to plaintiff's claims when plaintiff filed the FAC. Dkt. 155. On December 13, 2016, the Court granted defendants' motion to dismiss. Dkt. 171.

On March 2, 2017, plaintiff filed a motion to amend the FAC. Dkt. 181 (Redacted) ("Motion to Amend the Complaint"), Dkt. 187 (Sealed). Plaintiff requested resolution of the motion without a hearing. On March 7, 2017, the Court took the Motion to Amend the Complaint under submission, dkt. 185, and on March 9, 2017, set a briefing schedule, dkt. 188.

On March 13, 2017, plaintiff filed a motion to amend the schedule with respect to discovery. Dkt. 193 (Redacted) ("Motion to Amend the Schedule"); Dkt. 208 (Sealed). In plaintiff's Motion to Amend the Schedule, plaintiff requested that briefing occur pursuant to the same schedule as the Motion to Amend the Complaint. On March 15, 2017, the Court set a briefing schedule for the Motion to Amend the Schedule.

On March 27, 2017, defendants filed an opposition to the Motion to Amend the Complaint, dkt. 201 (Redacted) ("Opp'n to FAC Amendment"); dkt. 204 (Sealed), and an opposition to the Motion to Amend the Schedule, dkt. 202 ("Opp'n to Schedule Amendment"). On March 30, 2017, plaintiff filed a reply in support of its Motion to Amend the Complaint, dkt. 209, and its Motion to Amend the Schedule, dkt. 212.

On March 31, 2017, the Court scheduled a motions hearing in regard to both of the above-captioned motions for April 10, 2017, at 10:00 a.m. Dkt. 213.

Having carefully considered the parties' arguments the Court finds and concludes as follows.

## II.   BACKGROUND

Alexsam is the owner of two patents: United States Patent No. 6,000,608 entitled "Multifunction Card System" ("the '608 Patent") and United States Patent No. 6,189,787 entitled "Multifunctional Card System" ("the '787 Patent"). Dkt. 1-3, Exs. 1, 2. As described by Alexsam, the patented technology enables operators of a stored value card

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

system to provide prepaid debit cards or gift cards for sale and to enable card activation transactions to be performed at select retail locations. FAC ¶ 18.

On September 26, 2003, Alexsam brought an action against Next Estate in the United States District Court for the Eastern District of Texas alleging that Next Estate had infringed the '608 and '787 patents ("the Texas Litigation"). Dkt. 59, Exs. A (docket in the Texas Litigation), B (Second Amended Complaint filed by Alexsam in the Texas Litigation). On or about June 3, 2005, the parties resolved the Texas Litigation by entering into a "Settlement And License Agreement" ("the Agreement").[1] Dkt. 58, Ex. H.

In accordance with the Agreement, the parties filed a stipulated dismissal with prejudice in the Texas Litigation. Dkt. 58, Ex. I. This stipulation was accepted by the court in the Texas Litigation on June 10, 2005. Dkt. 58, Ex. J. The dismissal order provided in pertinent part:

> Each claim made by Alexsam against Next Estate, and each counterclaim made or that could have been made by Next Estate against Alexsam, in this action is hereby dismissed with prejudice on the basis of the settlement reached, pursuant to Fed. R. Civ. P. 41.

Id. at 2. Subsequently, Next Estate changed its name to form the company Green Dot. See Dkt. 1-1, ¶ 6; Dkt. 1-2, ¶ 6.

The FAC alleges that defendants have breached the Agreement. FAC ¶¶ 30-38. Accordingly, plaintiffs seek a declaration of the parties' rights in relation to the Agreement and underlying patents as well as an accounting.

---

[1] Plaintiff alleges that on or about November 1, 2005, Next Estate changed its name to Green Dot Corporation and that Next Estate is the predecessor of Green Dot. FAC ¶¶ 6; 23. Plaintiff refers to both defendants, collectively, as Green Dot. Id. ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL             'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

## III. PLAINTIFF'S MOTION TO AMEND THE SCHEDULE

Plaintiff seeks additional time to complete discovery, specifically plaintiff seeks additional time in which to bring a motion to compel discovery relating to damages and to provide defendants adequate time to comply with any such order.

### A. Background

Factual discovery commenced on June 14, 2016. Dkt. 107. After negotiating a protective order, in the early winter 2016, the parties engaged in negotiations about the nature and scope of defendants' "numbers production." Opp'n to Schedule Amendment at 5.

On December 16, 2016, defendants produced a one-page summary document showing transaction and financial information in response to plaintiff's damages information requests. Plaintiff claims it was not legible and defendant produced a higher resolution version on December 19, 2016. The deposition of defendants' 30(b)(6) designee, Jess Unruh, was scheduled for December 22, 2016.

On December 22, 2016, plaintiff commenced the deposition, but terminated it after only 52 minutes. During the December 22, 2016 deposition, Unruh explained that defendants could run queries in its internal, transactional databases that plaintiff had requested. Dkt. 208-1 Ex. 3 ("December Unruh Depo.") at 17:1-9. Unruh also explained that certain database queries were still being done and were not reflected in the summary document. Id. at 22:15-23. Plaintiff claims that it terminated the deposition because of the lack of information in the summary document.

On January 30, 2017, defendants produced a revised summary document, this time two pages. Plaintiff avers that the revised summary still lacked adequate specificity. On February 1, 2017, the parties exchanged emails about whether defendants had satisfied their discovery obligations and whether to get the Court involved. See generally Dkt. 208-1, Ex. 7.

On February 2, 2017, plaintiff deposed Unruh a second time. Unruh confirmed that defendants had the ability to query certain information from its databases on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

response to plaintiff's requested information, but had not provided that information in its revised summary document. Dkt. 208-1, Ex. 8 ("February Unruh Depo.") 28:1-3.

On February 13, 2017, plaintiff "renewed its request that Defendants 'further supplement the summary document to include quarterly information by card and by retailer'" among other pieces of information. Motion to Amend Schedule at 3 (quoting 208-1, Ex. 9 at 5). On February 16, 2017, Green Dot responded that the requested information was irrelevant and that it would "likely not have any additional information pertaining to all of your identified issues until early next week." Dkt. 208-1, Ex. 10 at 2.

The following week the parties exchanged more emails about the matter, defendants generally took the position that the request was irrelevant and highly burdensome. Plaintiff insisted that defendants were denying it access to critical information and should stipulate that all card types work the same way as one another and that aggregate amounts should be used rather than the specific breakdown by cards that plaintiff had requested. On February 25, 2017, defendants stated that they were "willing to work to negotiate a stipulation." Dkt. 208-1 Ex. 11 at 3.

On February 28, 2017, defendants offered to provide the detailed data requested by plaintiff in relation to a particular card used in association with Rite-Aid. Later the same day, Green Dot produced the Rite-Aid data. Plaintiff avers that the Rite-Aid data was inconsistent with the earlier summary data. Subsequent discussions between the parties broke down and the instant motion followed.

The scheduling order currently in effect set the following deadlines:

| | |
|---|---|
| Factual Discovery Cut-off - | March 1, 2017 |
| Exchange of Expert Reports Cut-off | March 15, 2017 |
| Exchange of Rebuttal Reports Cutoff | April 5, 2017 |
| Expert Discovery Cut-off | May 5, 2017 |
| Mediation Completion Cut-off | May 5, 2017 |
| Status Conference re: Mediation | May 15, 2017 at 11:00 AM |
| Last Day to File Motions | May 22, 2017 |
| Pretrial Conference/ Hearing on Motions *in Limine* | July 17, 2017 |
| Court Trial | September 5, 2017. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

Dkt 173.

### B. Discussion

Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order may be modified "only for good cause." Fed.R.Civ.P. 16(b)(4).

> Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992) (internal quotations and citations omitted). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002) (quoting Johnson, 975 F.2d at 609). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir.1985).

Plaintiff has demonstrated good cause to modify the scheduling order for the limited purpose of permitting plaintiff to bring a motion to compel production of more detailed damages-related discovery.[2] Plaintiff appears to have sought production of damages discovery with reasonable diligence for many months, commencing in November 2016, and obtained only two purportedly flawed summary documents. The parties did not initially agree about the scope of defendants' required production. After

---

[2] Much of the parties' briefing addresses the merits of plaintiff's potential motion to compel production. Of course, if plaintiff's motion to compel is ultimately denied, there may be little reason to modify the scheduling order. The parties shall refer such arguments to Magistrate Judge Paul Abrams.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. |

production of the two summary documents, plaintiff confirmed via separate depositions that the summary documents were incomplete and/or that defendants were able to produce more detail than they had done. Plaintiff appears to have chosen in early February to attempt negotiations with defendants rather than bring a potentially unnecessary motion to compel production. Given the parties' ongoing discussion about whether a stipulation could be reached, defendants' adjustment of the summary documents, and defendants' late production of the Rite-Aid information, plaintiff should be permitted to bring a motion to compel discovery, notwithstanding the passage of the appropriate deadline.

Accordingly, plaintiff's motion to amend the schedule is **GRANTED**.

The Court modifies the scheduling order to extend the cutoff for discovery relating to the damages issues raised herein. For present purposes, the foregoing discovery cutoff shall be continued to **May 10, 2017** to permit plaintiff to file a motion to compel discovery. The parties shall address any issues relating to the schedule for briefing a motion to compel to the Magistrate Judge.

## IV.    PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Plaintiff's Motion to Amend the Complaint presents entirely separate issues. On July 17, 2016, the Court issued a scheduling order, which set September 19, 2016, as the last day to request leave to file amended pleadings. Dkt. 117. Therefore plaintiff must demonstrate good cause such that the scheduling order should be modified and an amendment permitted. See Fed. R. Civ. P. 16 (discussed supra § III.B).

Plaintiff proposes two amendments to the FAC. First, plaintiff seeks to add a claim for intentional misrepresentation, alleging that the Agreement was induced through fraud and that defendants' have, since the Agreement, continued to intentionally misrepresent certain facts about their products. Second, plaintiff seeks to add a new theory to plaintiff's existing breach of contract claim, namely, that the pursuit of claims construction proceedings during this case were, themselves, a breach of the Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

### A. Plaintiff's Proposed New Claim of Intentional Misrepresentation

#### 1. The Allegations

Plaintiff's proposed claim for intentional misrepresentation is premised upon a specific representation in the Agreement, namely paragraph 2.2. Paragraph 2.2 is **[REDACTED]**. Dkt. 152-1 at 2. It provides:

**[REDACTED]**

Id. Plaintiff claims that the foregoing representation was false because **[REDACTED]**. It appears that plaintiff contends that the transmission of a BIN would infringe upon its patents or otherwise entitle it to **[REDACTED]** the Agreement. Plaintiff further alleges that, when confronted by plaintiff, defendants continued to make the same alleged misrepresentation in the years preceding the instant case:

> Subsequently, Alexsam grew suspicious that Green Dot prepaid cards were in fact covered by the Alexsam Patents. On numerous occasions over several years, counsel for Alexsam and/or Alexsam's principal wrote to Next Estate to request information to address Alexsam's suspicions. In response, in-house counsel and/or outside counsel responded with the same representation, that Green Dot was not using a BIN.

Dkt. 187-1 ("Proposed SAC") ¶ 70. Plaintiff seeks to recover actual damages resulting from its reliance upon defendants' statements and punitive damages for said misrepresentations.

#### 2. Discussion

Plaintiff argues that there is good cause to permit further amendment to the pleadings because of newly discovered evidence. Specifically, plaintiff avers that on January 13, 2017, defendants produced a document "named the Rite Aid API" (the "Rite Aid Document"). Motion to Amend the FAC at 3. According to plaintiff, the Rite Aid Document reveals that between 2001 and 2006, defendants' prepaid card with Rite Aid relied upon the transmission of a BIN, in contravention of defendants' representation in the Agreement about how their cards work. Plaintiff argues that "[t]here was no way for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

Alexsam to bring such a motion sooner because Green Dot never provided technical information until just this year after having stalled for many months." Motion to Amend the FAC at 10. Plaintiff argues, "[t]he Rite Aid document was the first concrete evidence that Defendants used a BIN in a manner that implicated **[REDACTED]** of the Settlement Agreement." Dkt. 212 at 4.

    Plaintiff has adequately demonstrated diligence in bringing its intentional misrepresentation claim. Although plaintiff has long contended that defendants' use of a BIN implicated the Agreement **[REDACTED]**, plaintiff avers that the Rite Aid Document is the first evidence it has obtained demonstrating that defendants' representations prior to the filing of this action may have been intentionally false. Plaintiff avers that there would not have been a basis for alleging intentional misrepresentation before the Rite Aid Document was produced. Defendants' use of a BIN has always been at the heart of this case, however, especially in light of the particularity standards that apply to such claims, see Fed. R. Civ. P. 9(b), plaintiff appears to have only recently uncovered evidence purportedly supporting its intentional misrepresentation claim.[3]

    Accordingly, plaintiff's Motion to Amend the Complaint is **GRANTED in part**. The motion is granted with respect to plaintiff's claim for intentional misrepresentation.

---

[3] Defendants argue that the proposed new claim for intentional misrepresentation should not be permitted because it would be frivolous. To the extent that plaintiff seeks to allege that defendants made intentional misrepresentations in the Agreement or during the negotiations preceding the Agreement, those statements by defendants appear to have been privileged. See Home Ins. Co. v. Zurich Ins. Co., 96 Cal. App. 4th 17, 24 (2002) (even intentional misrepresentations "made during a lawsuit to induce settlement," are privileged pursuant to the litigation privilege because the parties have discovery powers at their disposal). However, plaintiff argues that the proposed additional claim is predicated upon defendants' representations *after* the parties settled the Texas Litigation. The Court need not reach these issues, which are better resolved after the pleadings have been filed and a motion to dismiss has been briefed, if any. See W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2016) § 8:1514 ("Challenges to the pleadings are usually deferred until *after* leave to amend is granted").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

### B. Claims Construction Proceedings

During this litigation, the parties engaged in claims construction proceedings in relation to plaintiff's patents. The second category of proposed amendments relate to the claims construction proceedings here. Plaintiff's proposed Second Amended Complaint includes allegations that, for example, "[a]lthough the parties agreed to be bound by the claims construction order in the [Texas] Litigation, Defendants insisted on conducting a full claims construction proceeding in this case, thus breaching the Settlement Agreement."[4] Proposed SAC ¶ 25.

There are several reasons plaintiff should not be permitted to add these allegations now. As an initial matter, plaintiff acquiesced in the claims construction proceedings without ever arguing that they might violate the Agreement. Although plaintiff argued that they were unnecessary, an argument the Court rejected, dkt. 40, plaintiff did not argue that they were barred by the Agreement until now. Additionally, claims construction proceedings during this litigation appear to be privileged insofar as application of the privilege would promote defendants' free access to the courts and encourage zealous advocacy. See Wentland v. Wass, 126 Cal. App. 4th 1484, 1492 (2005) ("whether the litigation privilege applies to an action for breach of contract turns on whether its application furthers the policies underlying the privilege").

Finally, plaintiff has not been diligent in bringing the proposed allegations regarding the claims construction proceedings. On June 14, 2016, the Court issued a claims construction order, dkt. 112, which the Court partially reconsidered and amended on September 12, 2016, dkt. 124. On September 19, 2016, plaintiff filed a timely motion to amend the pleadings, dkt. 128, which the Court granted. If plaintiff contended that claims construction proceedings would violate the Agreement, it should have raised that issue before the proceedings began. Having declined to raise the issue before the claims construction proceedings, plaintiff further declined to include these allegations in its First Amended Complaint – after claims construction proceedings had ended. Accordingly, plaintiff has not been diligent in bringing its new allegations about the claims construction proceedings conducted pursuant to this Court's order last year.

---

[4] Other proposed amendments relating to the claims construction proceedings here appear in paragraphs 14 and 50 of the Proposed SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

For its part, plaintiff makes no effort to justify its proposed amendment relating to the claims construction proceedings. Plaintiff's proposed amended pleadings did not highlight where there have been changes, nor did plaintiff's motion and reply make any mention of claims construction proceedings or the proposed amendment in relation to claims construction proceedings. Although plaintiff presents an argument about newly discovered evidence underlying its proposed intentional misrepresentation claim, discussed above, that evidence is plainly unrelated to plaintiff's new allegations that claims construction proceedings were a breach of the Agreement. The foregoing suggests that this amendment may not have been proposed in good faith and the Court declines to permit it. Plaintiff's Motion to Amend the Complaint is **DENIED in part** and plaintiff will not be permitted to file amended pleadings alleging that defendants violated the Agreement by pursuing claims construction proceedings here.

In accordance with the foregoing, plaintiff is granted **7 days leave** in which to file a Second Amended Complaint consistent with the rulings above.

Defendants argue that, defendants:

> would also be prejudiced by the late amendment after the close of fact discovery because they cannot conduct discovery on any of the new claims – including whether Alexsam reasonably relied on any alleged misrepresentations. Relatedly, if the claims survive a motion to dismiss, which they should not, Defendants would likely be pressed for time to bring a motion for summary judgment on these claims. The Court should deny Alexsam's Motion so that the case can timely proceed to a trial on the real dispute.

Opp'n at 21. However, it is unclear whether and how the Court should modify the existing schedule to accommodate plaintiff's amendment to the pleadings. Accordingly, the parties shall meet and confer regarding a joint scheduling order. The Court sets a status conference regarding remaining dates in this case, discussed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:15-cv-05742-CAS (PLAx) | Date | April 10, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORPORATION ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, plaintiff's motion to amend the schedule to accommodate a motion to compel discovery is **GRANTED**. The discovery cutoff is hereby extended to **May 10, 2017**.

Plaintiff's motion for leave to amend the First Amended Complaint is **GRANTED in part** and **DENIED in part** as discussed above. Plaintiff shall file a Second Amended Complaint, consistent with the Court's ruling here, no later than **7 days** after the issuance of this order.

The Court sets a further status conference regarding the schedule for **May 8, 2017** at 11:00 a.m. The parties shall file a joint stipulation regarding the appropriate schedule in this case, no later than **May 4, 2017**.

IT IS SO ORDERED.

|  | 00 | 16 |
|---|---|---|
| Initials of Preparer | | CMJ |