| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) GREEN DOT CORP.'S MOTION TO STRIKE BAKER EXPERT REPORT AND PRECLUDE HIS TESTIMONY, AND FOR SANCTIONS (Filed May 22, 2017, Dkt. 255 and 273)

The Court finds this motion appropriate for decisions **without oral** argument. Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing currently scheduled for June 26, 2017, is hereby vacated, and the matter is taken under submission.

## I. INTRODUCTION

On June 12, 2015, Alexsam, Inc. ("Alexsam") filed a complaint in the Superior Court of California for the County of Los Angeles against Green Dot Corporation, Next Estate Communications, Inc. ("Next Estate"), and Does one through ten, inclusive (collectively "Green Dot"[1]). Dkt.1, Ex. A. On April 17, 2017, Alexsam filed the operative Second Amended Complaint ("SAC"). Dkt. 220. The gravamen of plaintiff's complaint is that defendants have breached a prior Settlement Agreement in a patent dispute between the parties. On July 29, 2015, defendants filed a notice of removal to this Court. Dkt. 1.

On January 3, 2017, the Court set the expert discovery cutoff date as May 5, 2017. Dkt. 173. On May 5, 2017, the Court extended the expert discovery cutoff to May 12,

---

[1] Plaintiff alleges that on or about November 1, 2005, Next Estate changed its name to Green Dot Corporation and that Next Estate is the predecessor of Green Dot. Plaintiff refers to both defendants, collectively, as Green Dot. For purposes of this order, the Court also refers to defendants as Green Dot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

2017. Dkt. 238. The parties have each filed motions for summary judgment, which are currently scheduled for a hearing on June 26, 2017.

On May 22, 2017, Green Dot filed the instant motion to strike an expert report by Robert Baker, to preclude his testimony in this case, and for sanctions. Dkt. 255 (public); Dkt. 273 (under seal). On May 29, 2017, Alexsam filed an opposition. Dkt. 263. On June 5, 2017, Green Dot filed a reply. Dkt. 280.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Plaintiff's Allegations

Alexsam is the owner of two patents: United States Patent No. 6,000,608 entitled "Multifunction Card System" ("the '608 Patent") and United States Patent No. 6,189,787 entitled "Multifunctional Card System" ("the '787 Patent") (collectively, "Subject Patents"). SAC ¶ 8. As described by Alexsam, the patented technology enables operators of a stored value card system to provide prepaid debit cards or gift cards for sale and to enable card activation transactions to be performed at select retail locations. Id. ¶ 23.

On September 26, 2003, Alexsam brought an action against Next Estate in the United States District Court for the Eastern District of Texas alleging that Next Estate had infringed the '608 and '787 patents ("the Texas Litigation"). Dkt. 59, Ex. A (docket in the Texas Litigation), Ex. B (Second Amended Complaint filed by Alexsam in the Texas Litigation). On or about June 3, 2005, the parties resolved the Texas Litigation by entering into a "Settlement and License Agreement" ("the SLA"). SAC Ex. A.

In accordance with the SLA, the parties filed a stipulated dismissal with prejudice in the Texas Litigation. SAC Ex. D. On June 10, 2005, the court accepted the parties' stipulation and dismissed the Texas Litigation. SAC Ex. E. **[REDACTED]**

Defendants allegedly breached the SLA by **[REDACTED]**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

B. **Robert Baker**

Robert Baker is a financial services consultant. On his curriculum vitae Baker states that he is a senior executive in the payment systems industry with over 40 years of experience in the financial services industry. Dkt. 254-3 at 44. Baker has testified as an expert at trial and at deposition numerous times on behalf of Alexsam. Dkt. 254-3, Ex. 4 ("Baker Report") at 4, ¶ 12[2]. Baker has rendered multiple expert reports in the past relating to the Subject Patents specifically. Dkt. 254-2, Ex. 1 ("Depo. Transcript") at 7:24-8:2. Baker has also offered declarations to the U.S. Patent and Trademark Office in support of the patentability of the Subject Patents. See Dkt. 254-2 at 77 & 84. **[REDACTED]**. Depo. Transcript at 27:14-16.

In the introduction to his expert report, Baker states:

> I have been retained by [Alexsam] for the purpose of providing my expert opinion on certain technical aspects of this case, including but not limited to banking networks and point of sale (POS) devices and systems.

Baker Report at 1. Baker's Report further states:

> I understand that the dispute in this matter relates to the June 5, 2005 [SLA] relating to U.S. Patent Nos. 6,000,608 and 6,189,787 owned by Alexsam . . . . I also presently expect to testify regarding the related subject matters summarized in this report.

Id. at 4, ¶ 13.

In Exhibit B to the Baker Report, Baker listed the materials he relied upon in forming his opinions, including, as relevant here, the Subject Patents and the Claim Construction Order issued in the Texas Litigation ("Judge Ward's Order"). Dkt. 254-3 at 48. Based upon his review of the materials provided and his experience in the payment systems industry, Baker's Report provides, inter alia, a

---

[2] All citations to the Baker's Expert Report will use the internal pagination and paragraph numbers contained in the report.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

detailed description of the "Inventions Disclosed in the Alexsam's '608 and '787 Patents." Id. at 12.

On May 12, 2017, Baker appeared for a deposition in this case. Baker's deposition was taken by James Bennett Clark, counsel for Green Dot. Attorneys Jacqueline Burt and Jonathan Miller were present on behalf of Alexsam. Baker's deposition commenced at 10:38 a.m. on May 12, 2017. Depo. Transcript at 4:5-6. Clark commenced by asking Baker about what he relied upon to prepare the Baker Report, Baker's experience in the prepaid card industry, and some of the card products Baker had previously worked with. Id. at 5-25. Clark then asked Baker about his preparation for the deposition and Baker stated that he reviewed the Subject Patents as well as the Claim Construction Order in the Texas Litigation the day prior to the deposition and with counsel for Alexsam. Baker explained that he reviewed the Claim Construction Order "to make sure I understood [Judge Ward's] definition of banking network and there are several terms around or related to banking network that I wanted to make sure I had straight." Id. at 29:21-24.

After a brief break from 11:31 a.m. to 11:46 a.m., Clark began to ask Baker about his report in this case. Clark asked Baker to explain certain phrases and language used in the section of the Baker Report describing the inventions disclosed by the Subject Patents. Burt objected to the form of certain questions and that the questions were "Outside the scope." See e.g. Id. 51:21-25 (discussing the phrase **[REDACTED]** in paragraph 40 of the Baker Report). At one point, Clark asked Baker about paragraph 42 of the Baker Report, which purports to describe the role of a "processing hub," as disclosed by the Subject Patents. After Clark restated the contents of paragraph 42 of the Baker Report, the following exchange took place:

> [Clark]: Are you saying that any of the language that I've referenced in paragraph 42 has any application to the issues in this case?
>
> [Burt]: Object to the form. Outside the scope.
>
> [Baker]: I guess I don't understand.
> [Clark]: Well, you're aware that the parties are applying the claim construction that Judge Ward made in the earlier case; correct?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

[Burt]: Object to form.

[Baker]: Correct.
[Clark]: And you are aware that he -- presumably you're aware that he defined the term processing hub?
[Baker]: I think so.

. . .

[Clark then directed Baker to the Texas Litigation claim construction order definition of a "processing hub"]

. . .

[Clark]: Are you aware of that claim construction?
[Baker]: Yes.
[Clark]: And are you aware that that governs the definition of processing hub in this case?
[Baker]: Yes.
[Clark]: So I'm asking you whether you believe that any of the language in paragraph 42 of your report that I just referred to has any relevance to the issue of what a processing hub is in this case?

[Burt]: Object to the form. Outside the scope.

[Baker]: I believe the processing hub in the patent is consistent with the court's definition of processing hub.
[Clark]: So you're saying all of the language in paragraph 42 that we referenced is essentially the same as the court's construction processing hub?

[Burt]: Object to the form. Outside the scope.

[Baker]: Yes.
[Clark]: Do you have a view as to, in view of Judge Ward's construction of processing hub, whether any of the information in Figure 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

|  |  |
|---|---|
| | that appears on page 16 of your report is of relevance to this litigation? |
| [Burt]: | Same objection. |
| [Baker]: | Yes, I believe it is relevant. |
| [Clark]: | Does any of the language in paragraph 42 or any of the information at Figure 2 constitute other than front end POS device management in message processor, processing? |
| [Burt]: | Object to the form. Outside the scope. Mr. Baker, I'm going to instruct you not to answer. |
| [Clark]: | What's your basis for that? |
| [Burt]: | Outside the scope. |
| [Clark]: | He's talking about the processing code in this paragraph. I need -- you can't conceivably say it's outside the scope. |
| [Burt]: | You're going beyond what the subpoena called for and our objection is to the subpoena. |
| [Clark]: | Just so I'm clear, you're instructing him not to answer his question? |
| [Burt]: | Yes. |
| [Clark]: | And would you -- I think that Mr. -- your basis is just based outside the scope. I want to know everything -- |
| [Burt]: | Of his engagement. |
| [Clark]: | -- for this objection because it will be taken up. It's simply that it's outside the scope of his engagement. Any other objection -- |
| [Burt]: | Yes, that's the objection to the subpoena. |
| [Clark]: | Okay. I just want to make sure you've got all the -- |
| [Burt]: | We're going to keep – this objection will be repeated many times. |
| [Clark]: | Let me finish. I'm just wanting to make sure you've listed all the bases for your objections -- let me finish, please -- in support of the instruction. |
| [Burt]: | I didn't say anything. I wasn't interrupting. Yes, you have gone far – actually throughout this deposition you have gone far outside the scope of what he is being offered for and I've |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

|         |                                                                                                                                                                                                                                                 |
|---------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|         | allowed it, I've objected to scope. I'm not going to continue to allow it. So I will be instructing him not to answer if you go outside the basis of his opinions in this case for what he has been engaged. |
| [Clark]: | So there's no other objection beyond that?                                                                                                                                                                                                     |
| [Burt]:  | No. Outside the scope and every other outside the scope objection I've made is for same basis.                                                                                                                                                 |
| [Clark]: | So you presumably will honor counsel's direction not to answer that question?                                                                                                                                                                   |
| [Baker]: | Yes.                                                                                                                                                                                                                                            |

Id. at 57:23-62:14. The deposition continued for several more minutes discussing how Baker's description of the Subject Patents fit, or did not fit, within the contours of Judge Ward's Order. Burt reiterated multiple objections to Clark's questions, but did not direct Baker not to answer. Clark asked about how paragraph 44 related to the contents of the Subject Patents themselves. Id. at 66:17-19. Baker stated that he did not recall the answer to the question without having the Subject Patents in front of him, at which time Burt suggested that the group take a break for lunch. Id. 67:5-8. The parties agreed to take a break for lunch and went off the record at 12:42 p.m. Id. 67:18-20.

At 1:37 p.m. the record reopened and the following exchange took place:

| [Burt]: | Mr. Clark, as I just said to you prior to the break – |
|---|---|
| | (Off the record.) |
| | Mr. Clark, as I just informed you and we're making a formal record of it now, we are shutting down the deposition of Mr. Bob Baker based on the fact that you're confusing the witness in the proceedings and are going far beyond the scope of his report and his opinions. We're considering whether to seek a protective order on Mr. Baker's behalf and will consider all other resources. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

> [Clark]: Let me just ask a question. That means that we are concluded today because the witness will not be reproduced for examination; correct?
>
> [Burt]: Right.
>
> [Clark]: My response, as you can imagine, is that this has led to a great waste of expense and effort. The idea that this witness who has testified professionally for Mr. Dorf on numerous occasions would be confused about questions about his own report is ludicrous on its face and not a single question has been beyond the scope of his report in my judgment and I certainly have a great deal more to offer. I probably am not going to go through the trouble, the offer of proof at this point unless you want me to. It will probably take about 45 minutes but I'm certainly intending to ask him about all aspects of the issues that he has raised in his report and probably had about four or five hours more examination to go. We, of course, reserve all rights including seeking an appropriate relief from the court.

Id. at 67:24-69:4. The Baker deposition ended.

Baker has submitted a declaration in support of Alexsam's opposition to the instant motion. In his declaration, Baker explains that his involvement in this case has been limited to his opinions regarding banking network and point of sale devices and systems. Dkt. 263-1, Baker Decl. ¶ 2. Baker claims that during his deposition, Clark "continuously asked me questions on topics on which I did not opine in this case. I tried to respond but some of my answers contained speculation as I did not review any technical documents and only considered the materials listed in Exhibit B to my report . . . I was also confused at times during my deposition and also informed [Clark] that I was confused. This confusion was based on technical questions or details beyond the scope of my understanding of the issues and my engagement in this case." Id. ¶¶ 6-7.

## III. DISCUSSION

Rule 30(d) provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

>   **(1)   Duration.**  Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours . . . .
>   **(2)   Sanction**.  The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent.
>   **(3)   Motion to Terminate or Limit.**
>       **(A)** *Grounds*.  At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.  The motion may be filed in the court where the action is pending or the deposition is being taken.  If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Fed. R. Civ. Proc. 30(d).  Rule 30(d) is "the only authority allowing the interruption of a deposition."  <u>Biovail Labs., Inc. v. Anchen Pharm., Inc.</u>, 233 F.R.D. 648, 653 (C.D. Cal. 2006) (quoting <u>Perrignon v. Bergen Brunswig Corp.</u>, 77 F.R.D. 455, 460-61 n. 4 (N.D.Cal.1978).

>   It is not the prerogative of counsel, but of the court, to rule on objections.  Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders.  Alternatively, if the plaintiffs' [defense] attorney believed that the examination was being conducted in bad faith . . . or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the ex parte judge for a ruling on the questions, or for a ruling on the questions or for a protective order, pursuant to Rule 30(d).

<u>Hearst/ABC-Viacom Entm't Servs. v. Goodway Mktg., Inc.</u>, 145 F.R.D. 59, 62 (E.D. Pa. 1992) (quoting <u>Shapiro v. Freeman</u>, 38 F.R.D. 308, 311–12 (S.D.N.Y.1965)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

Although Alexsam indicated at the time it terminated the deposition of Baker that it would seek a protective order from the Court, Alexsam has not filed such a motion.[3] Based upon the Court's examination of the transcript of the deposition and examination of Baker's Report, it appears that Alexsam has impermissibly denied Green Dot an opportunity to depose one of its experts on topics within the scope of his expert report and the opinions therein.

Alexsam argues that "Defendants' counsel went well beyond what Mr. Baker was prepared to testify about" and that Baker became confused. Opp'n at 2 (citing Baker Decl. ¶¶ 2-7). As an initial matter, it is far from clear why Green Dot's questions about Baker's Report and its relationship to Judge Ward's Claim Construction Order were beyond the scope of permissible questioning. Baker acknowledged having reviewed the Claim Construction Order before writing his report and Baker's Report purported to describe the inventions disclosed by the Subject Patents. More importantly, however, Baker was free to testify that he did not know an answer, that he was not prepared to testify on a particular subject, that he did not understand the questions, or that he had not formed any opinion regarding the subject of Green Dot's questions. Similarly, Alexsam was free to object and seek resolution of its objections after the deposition was complete. Alexsam's disapproval of the scope of the questioning did not provide a basis for

---

[3] In its opposition, Alexsam avers that it:

> is willing to discuss the limits of Mr. Baker's participation in this case, and failing a resolution, *seeks an opportunity to seek the assistance of the Court* in the form of a Motion for Protection pursuant to Fed. R. Civ. Proc. 26(c)(1). Alexsam has not had an opportunity to establish 'good cause' nor have Defendants made a case for why Alexsam should not have that opportunity.

Opp'n at 3 (emphasis added). However, if Alexsam could not yet "establish 'good cause'," then it is unclear on what basis Alexsam purports to have terminated Baker's deposition. If Alexsam felt that the deposition was being conducted improperly, it was required to promptly seek Court intervention via an ex parte application pursuant to Rule 30. Baker's deposition should have been temporarily suspended, pending resolution of Alexsam's motion, not unilaterally ended by Alexsam's counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

terminating the deposition, nor does Alexsam explain in its opposition why Green Dot's questions were improper other than to state that Baker was not prepared for them.

Although the Court concludes that Alexsam impermissibly terminated the Baker deposition, that does not end the Court's inquiry. Green Dot requests that the Court (1) award defendants' attorneys' fees and expenses incurred in preparing for the Baker deposition, taking the deposition, and filing the instant motion; (2) strike the Baker Report and preclude Baker from testifying further in this matter; and/or (3) make a finding that certain portions of Baker's past testimony are authentic and admissible[4]. Green Dot argues that the Court should order the foregoing remedies as an exercise of its inherent powers or 28 U.S.C. § 1927. In the alternative, Green Dot seeks leave to file a discovery motion seeking appropriate sanctions.

The imposition of sanctions as an exercise of the Court's inherent power to maintain control over proceedings requires an explicit finding that counsel's conduct "constituted or was tantamount to bad faith." Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997). "The bad faith requirement sets a high threshold" and even frivolous, outrageous, and inexcusable conduct by an attorney may not rise to the level of bad faith obstruction. Id. Although Alexsam's disruption of Baker's deposition was inconsistent with the Rules of Procedure and thus impermissible, it is not clear that Alexsam's counsel acted in bad faith by unilaterally terminating the deposition. Accordingly, the Court declines to sanction Alexsam as an exercise of its inherent authority to manage these proceedings.

28 U.S.C. § 1927 authorizes the Court to impose sanctions upon an individual attorney where that attorney "multiplies the proceedings in any case unreasonably and vexatiously." "The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." In re Girardi, 611 F.3d 1027, 1061 (9th Cir. 2010). Section 1927 requires a finding of recklessness or bad faith. In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996). Here, Burt appears to have unreasonably multiplied proceedings by suddenly terminating the deposition.

---

[4] Green Dot's motion includes a list of 18 categories of testimony and specific statements Baker has made in the past which Green Dot avers it would have "pursued had the deposition not been terminated." Dkt. 273 at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

However, as observed above, there is little to suggest Burt ended the deposition in bad faith. Accordingly, section 1927 does not provide a basis for sanctions.

If neither section 1927 nor the Court's inherent authority provides a basis for relief, Green Dot requests, in the alternative, leave to file a motion pursuant to Rule 30(d)(2) and Rule 37.[5] Alexsam's opposition is silent regarding whether discovery sanctions are appropriate. Instead of reaching the merits of any discovery violations, Alexsam argues:

> Defendants have not requested leave to file a discovery motion outside of time set for discovery. Even if Defendants' statement request 'for leave to submit a motion under Rule 37' can be considered a 'motion,' it is not clear how it is supported by 'good cause' as required by Fed. R. Civ. Proc. 16.

Opp'n at 1. In light of Alexsam's conduct on the last day of expert discovery, the Court finds good cause for granting Green Dot leave to file a discovery motion narrowly tailored to the Baker deposition. Green Dot's request for leave to file such a motion is hereby granted and expert discovery is hereby reopened for the limited purpose of permitting Green Dot to file a focused motion related to the Baker deposition.

---

[5] The expert discovery deadline elapsed on the same day as Baker's deposition, May 12, 2017.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5742-CAS (PLAx) | Date | June 19, 2017 |
|---|---|---|---|
| Title | ALEXSAM, INC. V. GREEN DOT CORP. ET AL. | | |

## V. CONCLUSION

Green Dot's request for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority is **DENIED**. Green Dot's request for leave to file a discovery-related motion is **GRANTED**.

The discovery deadline for filing a motion to compel the testimony of Baker is hereby extended. Green Dot is directed to file such a motion before the Magistrate Judge no later than **July 5, 2017**. The Court leaves to the Magistrate Judge scheduling issues relating to said motion; however, the Court intends to maintain the trial date of September 5, 2017.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CL |